DATA DISC, INCORPORATED,
Plaintiff-Appellant,

v.

SYSTEMS TECHNOLOGY ASSOCIATES,
INC., Defendant-Appellee.

No. 75-3331.

United States Court of Appeals,
Ninth Circuit.

July 13, 1977.

---

Before BARNES and WALLACE, Circuit Judges, and KELLEHER,* District Judge.

WALLACE, Circuit Judge:

Data Disc brought a diversity action in the Northern District of California against Systems Technology Associates (STA), alleging that STA breached certain sales contracts by failing to pay the entire purchase price due. Data Disc also alleged that STA fraudulently induced it to resume delivery of goods which had previously been stopped for non-payment by misrepresenting the value of certain contract rights which were assigned to Data Disc by STA as security for payment. The district judge dismissed the action for lack of personal jurisdiction over STA and Data Disc appealed. We reverse and remand.

## I

The facts in the record are contained in affidavits submitted by the parties which are in many respects conflicting. The district judge made no findings of fact in his order. Our recitation of the facts will state those which are apparently undisputed and note the points of conflict in the affidavits submitted by the parties.

Data Disc is a Delaware corporation with its principal place of business in California. STA is a Florida corporation with its principal place of business in Virginia. In January of 1973, the parties contracted for Data Disc to provide certain equipment, supplies, services and documentation to STA, apparently in connection with an STA contract with the National Aeronautics and Space Administration (NASA). The affidavits submitted by the parties conflict as to where the negotiations leading to this contract took place and where the contract was

Eric W. Jorgenson, argued, Brobeck, Phleger & Harrison, San Francisco, Cal., for plaintiff-appellant.

Sandra J. Haas, argued, McCutchen, Doyle, Brown & Enersen, San Francisco, Cal., for defendant-appellee.

---

* Honorable Robert J. Kelleher, United States District Judge, Central District of California, sitting by designation.

executed. STA says that Data Disc solicited the order in Virginia and its representative executed it there. Data Disc claims that at least some of the negotiations took place at the Data Disc plant in Sunnyvale, California, and that the agreements were "executed" there when Data Disc sent its "customer acknowledgment" forms back to STA.

After the execution of the initial purchase order, STA and NASA personnel visited Data Disc's Sunnyvale plant on five occasions. STA states that these visits were required both because Data Disc was late in supplying equipment under the contract and because some of the equipment supplied was defective. Data Disc says that these meetings were held to "discuss progress on the initial and subsequent contracts," and "any necessary changes." Data Disc also states that further orders were negotiated at these meetings. It is undisputed that STA supplied one of its own engineers to work with Data Disc in California on the project. However, STA says that this engineer was supplied at the request of Data Disc because of its difficulties, while Data Disc contends that the idea was proposed by STA.

In April of 1974, employees of the two parties had several telephone conversations, between Sunnyvale and Virginia, concerning STA's payment schedule. Data Disc refused to ship any more equipment until payment was assured, and STA agreed to provide security for payment by assigning to Data Disc its rights to sums due under a contract with NASA. Data Disc claims that STA employee Fitzhugh misrepresented the value of the contract rights by saying that they were "enough" to cover amounts owed by STA to Data Disc when in fact they were not. Data Disc states that in reliance upon these misrepresentations it resumed shipment of equipment to STA to its detriment. STA claims that no such misrepresentations were made and, in fact, that there were no representations as to the value of the contract rights nor of their adequacy in relation to STA's obligation to Data Disc.

Following oral argument on STA's motion to dismiss, the district judge stated "I think this Court lacks jurisdiction." No findings of fact were stated orally nor in in the order of dismissal entered pursuant to the district judge's oral ruling on the motion.

## II

■ The parties' dispute pertaining to whether the district court could properly exercise in personam jurisdiction over STA turns largely on conflicting views of the facts. Therefore, before we can determine whether the district judge erred in granting STA's motion to dismiss, we must determine how we are to deal with the conflicting factual allegations which are now before us. If only one side of the conflict was supported by affidavit, our task would be relatively easy, for we may not assume the truth of allegations in a pleading which are contradicted by affidavit. *Taylor v. Portland Paramount Corp.,* 383 F.2d 634, 639 (9th Cir. 1967). Here, however, both parties support their respective positions with affidavits.

■ To escape this impasse, STA argues that we must examine the facts in a light most favorable to the decision of the trial judge. In this situation, however, such an approach would not be appropriate. Where affidavits are directly conflicting on material points, we do not see how it is possible for the district judge to "weigh" the affidavits in order to resolve disputed issues. Except in those rare cases where the facts alleged in an affidavit are inherently incredible, and can be so characterized solely by a reading of the affidavit, the district judge has no basis for a determination of credibility. This is not one of those rare cases. Here the affidavits are in conflict with regard to the factual significance of the east coast and California negotiations, the instigation for the STA employees' activities in California subsequent to formation of the contract, and the alleged misrepresentations. The parties' briefs indicate

that all of these are material facts in determining whether the court may exercise in personam jurisdiction over STA. Yet, without further evidence, we see no way to select one set of facts as more credible than the other.

Instead of "resolving" the factual disputes, we believe the matter may be determined by reference to the burden of proof which may properly be placed upon Data Disc. It is clear that the party seeking to invoke the jurisdiction of the federal court has the burden of establishing that jurisdiction exists. *KVOS, Inc. v. Associated Press*, 299 U.S. 269, 278, 57 S.Ct. 197, 81 L.Ed. 183 (1936). Yet the quantum of proof required to meet that burden may vary, depending upon the nature of the proceeding and the type of evidence which the plaintiff is permitted to present.

A defendant may move, prior to trial, to dismiss the complaint for lack of personal jurisdiction. Fed.R.Civ.P. 12(b)(2). Because there is no statutory method for resolving this issue, the mode of its determination is left to the trial court. *See Gibbs v. Buck*, 307 U.S. 66, 71–72, 59 S.Ct. 725, 83 L.Ed. 1111 (1939). The limits which the district judge imposes on the pre-trial proceedings will affect the burden which the plaintiff is required to meet.

If the court determines that it will receive only affidavits or affidavits plus discovery materials,[1] these very limitations dictate that a plaintiff must make only a prima facie showing of jurisdictional facts through the submitted materials in order to avoid a defendant's motion to dismiss. Any greater burden—such as proof by a preponderance of the evidence—would permit a defendant to obtain a dismissal simply by controverting the facts established by a plaintiff through his own affidavits and supporting materials. Thus a plaintiff could not meet a burden of proof requiring a preponderance of the evidence without going beyond the written materials. Accordingly, if a plaintiff's proof is limited to written materials, it is necessary only for these materials to demonstrate facts which support a finding of jurisdiction in order to avoid a motion to dismiss. *See United States Railway Equipment Co. v. Port Huron & Detroit Railroad Co.*, 495 F.2d 1127, 1128 (7th Cir. 1974); *O'Hare International Bank v. Hampton*, 437 F.2d 1173, 1176 (7th Cir. 1971).

If a plaintiff make such a showing, however, it does not necessarily mean that he may then go to trial on the merits. If the pleadings and other submitted materials raise issues of credibility or disputed questions of fact with regard to jurisdiction, the district court has the discretion to take evidence at a preliminary hearing in order to resolve the contested issues. 5 C. Wright & A. Miller, Federal Practice and Procedure § 1373, at pp. 714–15 (1969); 4 J. Moore, Federal Practice § 26.56[6], at p. 26–190 (1976). In this situation, where plaintiff is put to his full proof, plaintiff must establish the jurisdictional facts by a preponderance of the evidence, just as he would have to do at trial. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936).[2]

Here it appears that Data Disc, in opposing STA's motion to dismiss, was limited in the first instance to the submission of affi-

---

1. A court may permit discovery to aid in determining whether it has in personam jurisdiction. *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, at 430 n. 24 (9th Cir. 1977). In granting discovery, the trial court is vested with broad discretion and will not be reversed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant. *Id.* Discovery may appropriately be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary. *See id.*

2. Where the jurisdictional facts are intertwined with the merits, a decision on the jurisdictional issues is dependent on a decision of the merits. In such a case, the district court could determine its jurisdiction in a plenary pretrial proceeding. *Cf. Land v. Dollar*, 330 U.S. 731, 735, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947); *Spector v. L Q Motors Inns, Inc.*, 517 F.2d 278, 284 (5th Cir. 1975), *cert. denied*, 423 U.S. 1055, 96 S.Ct. 786, 46 L.Ed.2d 644 (1976); *McBeath v. Inter-American Citizens for Decency Committee*, 374 F.2d 359, 363 (5th Cir.), *cert. denied*, 389 U.S. 896, 88 S.Ct. 216, 19 L.Ed.2d 214 (1967). However, it is preferable that this determination be

davits. Thus we must determine whether its pleadings and affidavits establish a prima facie showing of jurisdictional facts.

## III

■ The power of a federal court entertaining a case based on diversity of citizenship to exercise personal jurisdiction over a nonresident defendant turns on two independent considerations: whether an applicable state rule or statute potentially confers personal jurisdiction over the defendant, and whether assertion of such jurisdiction accords with constitutional principles of due process. *Amba Marketing Systems, Inc. v. Jobar International, Inc.*, 551 F.2d 784, 786 (9th Cir. 1977); *Product Promotions, Inc. v. Cousteau*, 495 F.2d 483, 489 (5th Cir. 1974); *Arrowsmith v. United Press International*, 320 F.2d 219, 222–23 (2d Cir. 1963) (en banc).

■ As to the first inquiry, the applicable statute here is Cal.Code Civ.Pro. § 410.10:

A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States.

Thus the statutory limitations upon jurisdiction are "coextensive with the outer limits of due process under the state and federal constitutions, as those limits have been defined by the United States Supreme Court." *Republic International Corp. v. Amco Engineers, Inc.*, 516 F.2d 161, 167 (9th Cir. 1976), *quoting Threlkeld v. Tucker*, 496 F.2d 1101, 1103 (9th Cir.), *cert. denied*, 419 U.S. 1023, 95 S.Ct. 499, 42 L.Ed.2d 297 (1974).[3]

■ In a line of cases beginning with *International Shoe Co. v. Washington*, 326

made at trial, where a plaintiff may present his case in a coherent, orderly fashion and without the risk of prejudicing his case on the merits. *See McBeath v. Inter-American Citizens for Decency Committee, supra*, 374 F.2d at 363; *Schramm v. Oakes*, 352 F.2d 143, 149 (10th Cir. 1965); *Fireman's Fund Insurance Co. v. Railway Express Agency*, 253 F.2d 780, 784 (6th Cir. 1958); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1350, at p. 558 (1969). Accordingly, where the jurisdictional facts are enmeshed with the merits, the district court may decide that the plaintiff should not be required in a Rule 12(d) preliminary proceeding to meet the higher burden of proof which is associated with the presentation of evidence at a hearing, but rather should be required only to establish a prima facie showing of jurisdictional facts with affidavits and perhaps discovery materials. *Milligan v. Anderson*, 522 F.2d 1202, 1205 (10th Cir. 1975); *United States v. Montreal Trust Co.*, 358 F.2d 239, 242 (2d Cir.), *cert. denied*, 384 U.S. 919, 86 S.Ct. 1366, 16 L.Ed.2d 440 (1966); *In re Equity Funding Corp. Securities Litigation*, 416 F.Supp. 161, 178 (C.D.Cal.1976); *Ghazoul v. International Management Services, Inc.*, 398 F.Supp. 307, 309–10 (S.D.N.Y.1975); *Oxford First Corp. v. PNC Liquidating Corp.*, 372 F.Supp. 191, 192 n. 2 (E.D.Pa.1974). Of course, at any time when the plaintiff avoids a preliminary motion to dismiss by making a prima facie showing of jurisdictional facts, he must still prove the jurisdictional facts at trial by a preponderance of the evidence. *Wells Fargo & Co. v. Wells Fargo Express Co., supra*, 556 F.2d at 430 n. 24;

*Milligan v. Anderson*, 522 F.2d 1202, 1207 (10th Cir. 1975); *O'Hare International Bank v. Hampton*, 437 F.2d 1173, 1177 n. 2 (7th Cir. 1971); *United States v. Montreal Trust Co.*, 358 F.2d 239, 242 n. 4 (2d Cir.), *cert. denied*, 384 U.S. 919, 86 S.Ct. 1366, 16 L.Ed.2d 440 (1966).

3. STA suggested at oral argument that an approach depending on Supreme Court interpretation of due process does not properly take account of the dual limitations set out by section 410.10: according to the statute, jurisdiction may not be exercised if inconsistent with either the United States Constitution or the California Constitution. The import of STA's suggestion is that, before evaluating the propriety of jurisdiction under federal law, we must determine whether jurisdiction is proper under the California case law, which arguably rests on interpretation of the California Constitution as well as the United States Constitution.

Although it is indisputable that section 410.-10 refers to both the California and the United States Constitutions, we do not find it necessary to take the path which STA points out to us. In *Michigan National Bank v. Superior Court*, 23 Cal.App.3d 1, 6, 99 Cal.Rptr. 823, 826 (1972) and *Belmont Industries, Inc. v. Superior Court*, 31 Cal.App.3d 281, 285, 107 Cal.Rptr. 237, 239–40 (1973), the courts expressly held that Cal.Code Civ.Pro. § 410.10 permits California courts to exercise jurisdiction to the fullest extent authorized by the due process decisions of the United States Supreme Court. To the same effect is *Buckeye Boiler Co. v. Superior Court*, 71 Cal.2d 893, 80 Cal.Rptr. 113, 458 P.2d

U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), the Supreme Court has attempted to define the due process limitations upon state power to exercise in personam jurisdiction over an out-of-state defendant. *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); *McGee v. International Life Insurance Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952); *Travelers Health Ass'n. v. Virginia ex rel. State Corporation Comm'n*, 339 U.S. 643, 70 S.Ct. 927, 94 L.Ed. 1154 (1950). The basic rule is that the defendant must have certain minimal contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington, supra*, 326 U.S. at 316, 66 S.Ct. 154.

■ If the nonresident defendant's activities within a state are "substantial" or "continuous and systematic," there is a sufficient relationship between the defendant and the state to support jurisdiction even if the cause of action is unrelated to the defendant's forum activities. *Perkins v. Benguet Consolidated Mining Co., supra*, 342 U.S. at 446–47, 72 S.Ct. 413; *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 413 (9th Cir. 1977); *see also Republic International Corp. v. Amco Engineers, Inc., supra*, 516 F.2d at 167.

■ If, however, the defendant's activities are not so pervasive as to subject him to general jurisdiction, the issue whether jurisdiction will lie turns on an evaluation of the nature and quality of the defendant's contacts in relation to the cause of action. In our circuit, we use the following approach in making this evaluation: (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws. (2) The claim must be one which arises out of or results from the defendant's forum-related activities. (3) Exercise of jurisdiction must be reasonable. *Amba Marketing Systems, Inc. v. Jobar International, Inc., supra*, 551 F.2d at 789; *Aanestad v. Beech Aircraft Corp.*, 521 F.2d 1298, 1300 (9th Cir.), *cert. denied*, 419 U.S. 998, 95 S.Ct. 313, 42 L.Ed.2d 272 (1974); *L. D. Reeder Contractors v. Higgins Industries, Inc.*, 265 F.2d 768, 773–74 n. 12 (9th Cir. 1959). *See Hanson v. Denckla, supra*, 357 U.S. at 250–53, 78 S.Ct. 1228; *McGee v. International Life Insurance Co., supra*, 355 U.S. at 223, 78 S.Ct. 199; *see also Cornelison v. Chaney*, 16 Cal.3d 143, 148, 127 Cal. Rptr. 352, 354–55, 545 P.2d 264, 266–67 (1976).

■ It is evident in this case that STA did not have "substantial" or "continuous and systematic" contacts with California. Thus it is necessary to look at STA's contacts in relation to the cause of action. Accepting the facts as stated by Data Disc, we find that jurisdiction will lie with regard to the contract claim. By participating in the contract negotiations in California, STA purposefully availed itself of the privilege of carrying out activities in that state. The activities of the STA employees

57 (1969). Moreover, California courts interpreting § 410.10 as a rule refer interchangeably to the United States Supreme Court cases and California cases. *See, e. g., Cornelison v. Chaney*, 16 Cal.3d 143, 127 Cal.Rptr. 352, 545 P.2d 264 (1976); *Sibley v. Superior Court*, 16 Cal.3d 442, 128 Cal.Rptr. 34, 546 P.2d 322 (1976). This leads us to believe that the California Constitution as interpreted by the California courts imposes no greater restrictions on the exercise of jurisdiction than does the United States Constitution.

In this regard, federal law is controlling on the issue of due process under the United States Constitution. *Amba Marketing Systems, Inc. v. Jobar International, Inc.*, 551 F.2d 784, 789 (9th Cir. 1977); *Taylor v. Portland Paramount Corp.*, 383 F.2d 634, 640 (9th Cir. 1967). We are not bound by state cases, although they may be considered persuasive authority. *See Fisons Ltd. v. United States*, 458 F.2d 1241, 1249–50 (7th Cir.), *cert. denied*, 405 U.S. 1041, 92 S.Ct. 1312, 31 L.Ed.2d 581 (1972); *Aftanase v. Economy Baler Co.*, 343 F.2d 187, 192–93 (8th Cir. 1965).

in California, although subsequent to formation of the contract, were meant to facilitate Data Disc's completion of the contract and were beneficial to STA. Data Disc's claim of breach arises out of the contract which was at least partially negotiated in California and actually formed in California upon the execution of Data Disc's acceptance. These facts weigh strongly in favor of jurisdiction. *Wells Fargo & Co. v. Wells Fargo Express Co., supra,* 556 F.2d at 415; *Republic International Corp. v. Amco Engineers, Inc., supra,* 516 F.2d at 167–68; *Davis H. Eliot Co. v. Caribbean Utilities Co.,* 513 F.2d 1176, 1181–82 (6th Cir. 1975); *Thompson v. Ecological Science Corp.,* 421 F.2d 467, 469 (8th Cir. 1970). Further, in light of the contacts cited, it would not be unreasonable to subject STA to jurisdiction in California with regard to the contract claim. California has an interest in providing a forum for companies doing business there and the actions of STA did have an impact in California.

Convenience factors perhaps point toward an east coast forum. Although Data Disc and STA have witnesses on opposite coasts, Data Disc is represented in the east by Bartlett Associates. According to STA, Bartlett solicited the contract in the east. This is not denied by Data Disc. Thus, Bartlett employees would probably be required as witnesses. In addition, the equipment which was the subject of the contract is now in Maryland, should an inspection be required. Nevertheless, these factors are not sufficient to overcome the clear justification for jurisdiction arising from STA's purposeful contacts with California where the cause of action arose from those contacts.[4]

█ The facts as stated by Data Disc also justify the assertion of jurisdiction over STA with regard to the tort claim. In its affidavit, Data Disc states that STA, through its employee Fitzhugh, made material misrepresentations concerning the value of an assigned contract on which Data Disc relied in resuming previously stopped shipments. The inducement of reliance in California is a sufficient act within California to satisfy the requirement of minimum contacts where the cause of action arises out of that inducement. *Martinez v. Perlite Institute, Inc.,* 46 Cal.App.3d 393, 403, 120 Cal.Rptr. 120, 126 (1975).

█ We must still determine, however, whether the exercise of jurisdiction over the tort claim would be reasonable. Under the facts as stated by Data Disc, we believe it would be. A state has a special interest in exercising jurisdiction over those who have committed tortious acts within the state. By subjecting the tortfeasor to liability for damages which are the proximate result of the tort, the state acts to deter wrongful conduct which affects those within the state. Nevertheless, it may be unreasonable to subject an out-of-state defendant to jurisdiction where the allegedly tortious act is committed outside of the forum state, having only an effect within the state, if the act is negligent rather than purposeful. The degree to which a defendant interjects himself into the state affects the fairness of subjecting him to jurisdiction. *Buckeye Boiler Co. v. Superior Court,* 71 Cal.2d 893, 901–03, 80 Cal.Rptr. 113, 119–21, 458 P.2d 57, 63–65 (1969); *Abbott Power Corp. v. Overhead Electric Co.,* 60 Cal. App.3d 272, 278–79, 131 Cal.Rptr. 508, 512 (1976); *see Hanson v. Denckla, supra,* 357 U.S. 235, 78 S.Ct. 1228. Here, however, the affidavit submitted by Data Disc states that Fitzhugh had been informed that Data Disc would not resume shipment until payment was assured. Thus there is support for the conclusion that the misrepresenta-

---

4. If STA's facts were accepted, and particularly if it became clear that the California negotiations were peripheral or subsidiary to primary negotiations in Maryland, these convenience factors might weigh more heavily. *See* 2 J. Moore, Federal Practice ¶ 4.25[5], at p. 1172 (1975); *Cornelison v. Chaney, supra,* 16 Cal.3d at 150–51, 127 Cal.Rptr. at 356, 545 P.2d at 268 ("[A]t least in situations when . . . justification for the exercise of jurisdiction is not obvious, the convenience of the parties is a factor to be considered in determining whether it would be fair to exercise jurisdiction over a defendant who resides in another state.").

tion was intended to induce reliance or could reasonably have been expected to induce reliance. California's interest in regulating tortious conduct and the purposefulness of STA's behavior lead to the conclusion that the exercise of jurisdiction would be fair and reasonable. On these facts, then, California could constitutionally exercise in personam jurisdiction over STA with regard to the tort claim.

■ At this stage of the proceeding, jurisdiction has been sufficiently demonstrated by Data Disc on both the contract claim and the tort claim. On remand, the district judge may assume jurisdiction based on the affidavits now before the court.[5] Alternatively, the judge in his discretion may grant STA further opportunity to explore the jurisdictional issue at a Rule 12(d) preliminary proceeding. At the preliminary proceeding, the district court may permit discovery to aid in clarifying the controverted factual questions.[6] In his discretion, the judge may also receive evidence to resolve issues of credibility and disputed questions of fact.[7] If the presentation of evidence is permitted, Data Disc must assume the higher burden of proving the jurisdictional facts by a preponderance of the evidence.[8]

## IV

■ Although the decision of the district judge with regard to a lack of personal jurisdiction cannot stand, STA argues that we can sustain the dismissal of the action on the ground that venue would not lie in the Northern District of California. We disagree.

The key issue here is whether the claim arose in the Northern District, because Data Disc, as a Delaware corporation, is not a resident there for purposes of the venue statute. *American Cyanamid Co. v. Hammond Lead Products, Inc.*, 495 F.2d 1183, 1184–85 (3d Cir. 1974); 28 U.S.C. § 1391(a). In this circuit, we have determined that, for purposes of 28 U.S.C. § 1391(a), a claim arises in any district with which it has "significant contacts." *Commercial Lighting Products, Inc. v. United States District Court*, 537 F.2d 1078, 1080 (9th Cir. 1976); *Cf.* ALI Study of the Division of Jurisdiction Between the State and Federal Courts § 1303(a)(1) (1969).

Once again, with the present state of the evidence, we accept Data Disc's view of the facts. *See* part II *supra.* On these facts, we believe that the negotiations carried out by STA in California, the activities of the STA employees in California subsequent to

---

**5.** If the court follows this path, Data Disc must still prove the jurisdictional facts at trial by a preponderance of the evidence. *See* note 2 *supra.*

**6.** With the tort claim, it appears that the jurisdictional facts are intertwined with the merits. Under these circumstances, where plaintiff has made a prima facie showing of jurisdictional facts, it may be appropriate to defer a resolution of the jurisdictional issue until trial on the merits. *See* note 2 *supra.* Nevertheless other modes of approaching the issue are not foreclosed. Even where the jurisdictional facts are intertwined with the merits, discovery procedures may be used to clarify the facts. Furthermore, so long as the plaintiff is permitted to present all available evidence, summary judgment may be appropriate to determine whether there is a genuine issue of material fact with regard to the merits, and by implication, with regard to personal jurisdiction. *See Gulf Oil Corp. v. Copp Paving Co.,* 419 U.S. 186, 203 n. 19, 95 S.Ct. 392, 42 L.Ed.2d 378 (1974).

**7.** With the tort claim, the jurisdictional facts are intertwined with the merits. Thus if there are issues of credibility or disputed questions of fact which cannot be resolved through discovery, it may be appropriate to defer resolution of the jurisdictional issue until trial on the merits. *See* note 2 *supra.*

**8.** Where, as here, a plaintiff raises two separate causes of action, the court must have in personam jurisdiction over the defendant with respect to each claim. *See* 6 C. Wright & A. Miller, Federal Practice and Procedure § 1588, at p. 816 (1971). However, if the court determines that there has been a sufficient showing of personal jurisdiction to reach trial with regard to one claim, but not the other, it may or may not be appropriate to assume jurisdiction over the other claim under principles analogous to the doctrine of pendent jurisdiction. *Id.* We reserve judgment on this issue until it is properly before us.

formation of the contract, and the injury to Data Disc in California comprise the necessary significant contacts with regard to the contract claim. The purposeful misrepresentation by STA which induced reliance in California and the injury to Data Disc in California comprise the necessary contacts for the tort claim.

On remand, if the district judge permits further discovery on the jurisdictional issue, he may also reevaluate whether venue is appropriate in light of any additional facts developed.

## V

In view of the evidentiary limitations placed upon Data Disc, we conclude that it met its burden of proof on the issue of personal jurisdiction by making a prima facie showing of jurisdictional facts. We find no other ground on which to uphold the decision of the district judge dismissing the action. Thus, we reverse and remand for proceedings consistent with this opinion.

REVERSED AND REMANDED.