**CONGOLEUM CORPORATION,**
Plaintiff-Appellant,

v.

**DLW AKTIENGESELLSCHAFT,**
Defendant-Appellee.

No. 83–2042.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 17, 1984.

Decided April 6, 1984.

Robert E. Meshel, D'Amato & Lynch, New York City, for plaintiff-appellant.

Leonard W. Wagman, Goldenbock & Barell, New York City, for defendant-appellee.

Before ANDERSON, SCHROEDER and ALARCON, Circuit Judges.

ALARCON, Circuit Judge:

Congoleum Corporation (Congoleum), a Delaware corporation, filed a complaint against DLW Aktiengesellschaft (DLW), a West German corporation, in the United States District Court for the Northern District of California. Subject matter jurisdiction was based on diversity of citizenship. The district court dismissed the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction over the defendant, DLW. Congoleum appeals. We affirm.

## I.

The action below was dismissed on the basis of affidavits and discovery materials submitted by the parties. Where the district court has decided the issue of personal jurisdiction without an evidentiary hearing, we must review the affidavits and discovery material submitted by the plaintiff independently to determine if a prima facie showing of jurisdictional facts was established. *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1285–86 (9th Cir.1977).

## II.

Whether there is a basis for the exercise of personal jurisdiction in a diversity of citizenship case depends upon two considerations: (1) whether a state statute potentially confers personal jurisdiction over the nonresident defendant, and (2) whether the exercise of jurisdiction accords with federal constitutional principles of due process. *Data Disc*, 557 F.2d at 1286. Section 410.10 of the California Code of Civil Procedure permits the exercise of jurisdiction to the extent authorized by the due process decisions of the United States Supreme Court. Thus, the state and federal limits are coextensive. *Data Disc*, 557 F.2d at 1286 & n. 3. The basic federal rule is that the defendant must have certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); *Data Disc*, 557 F.2d at 1287. The central concern of the jurisdiction inquiry is the relationship between the defendant, the forum, and the litigation. *Shaffer v. Heitner*, 433 U.S. 186, 204, 97 S.Ct. 2569, 2579, 53 L.Ed.2d 683 (1977).

### A.

Congoleum concedes that its claims against DLW are unrelated to DLW's activities in California. The complaint alleges a breach of a licensing agreement with respect to sales in France and fraud in the negotiation of the licensing agreement. Even if a cause of action is unrelated to the

defendant's forum activities, jurisdiction may still be asserted if corporate activities within the forum are sufficiently substantial. *Perkins v. Benguet Mining Co.,* 342 U.S. 437, 446–47, 72 S.Ct. 413, 418–419, 96 L.Ed. 485 (1952) (citing *International Shoe,* 326 U.S. at 318–19, 66 S.Ct. at 159).

Congoleum's affidavits and accompanying exhibits disclose that DLW's activities in California consisted of sales and marketing efforts through D.M. Byham Associates (DMB), which does business in California. Mr. Donald M. Byham (Byham) was also hired as a consultant to help DLW develop a United States market. The activities of DMB and Byham in California consisted of (1) the solicitation of orders, (2) the recommendation of other sales agents, (3) the ordering of samples, (4) the promotion of DLW products to potential customers through the mail and a showroom display in San Francisco, and (5) attendance at trade shows and sales meetings. Neither DMB nor Byham had the authority to bind DLW. DLW retained the right to accept or reject business negotiated by DMB. DMB also represents manufacturers other than DLW and displays the merchandise of all of its clients in the San Francisco showroom.

### B.

Although many courts cite *Perkins* for the principle that personal jurisdiction may be asserted where the cause of action is unrelated to the forum activity, no court has ever held that the maintenance of even a substantial sales force within the state is a sufficient contact to assert jurisdiction in an unrelated cause of action. For example, in *Fisher Governor Co. v. Superior Court,* 53 Cal.2d 222, 1 Cal.Rptr. 1, 347 P.2d 1 (1959) (en banc), the nonresident plaintiffs sued in California to recover for wrongful deaths and personal injuries that occurred in Idaho as a result of an explosion caused by defective equipment manufactured by Fisher, an Iowa corporation. Fisher sold its products in California through independent manufacturer's representatives, who also sold the products of other manufactur-

ers. The representatives received commissions on the sales, distributed Fisher catalogs and listed Fisher in telephone books at their addresses. The court held that more contacts are required for the assumption of jurisdiction to enforce an unrelated cause of action "than sales and sales promotion within the state by independent nonexclusive sales representatives." *Id.* at 225, 1 Cal.Rptr. 1, 347 P.2d 1.

In other cases cited to us by Congoleum where the assertion of jurisdiction was upheld, the cause of action arose from the defendant's contact with the forum. For example, the defective gun, which caused injury in *Cosper v. Smith & Wesson Arms Co.,* 53 Cal.2d 77, 346 P.2d 409 (1959), although manufactured by a Massachusetts corporation, was sold in California and caused injury in California. The causes of action asserted by Congoleum have no relation to any contact that DLW has with California. The contacts that DLW does have with California essentially constitute sales and sales promotion by independent nonexclusive sales representatives. This would not be sufficient to assert jurisdiction on an unrelated cause of action, according to the reasoning of the California Supreme Court in *Fisher.* Of course, the state court's interpretation of federal law does not bind our decision, though it may persuade us to reach a similar result. *Data Disc,* 557 F.2d at 1286 n. 3.

### C.

This court has stated that the *Perkins* holding that the cause of action need not arise out of the defendant's activities in the forum is limited to its unusual facts. *L.D. Reeder Contractors of Arizona v. Higgins Industries, Inc.,* 265 F.2d 768, 775 (9th Cir.1959); *see also, Aanestad v. Beech Aircraft Corp.,* 521 F.2d 1298, 1300, 1301 n. 1 (9th Cir.) (*Reeder* limited *Perkins* to its facts, but jurisdiction might be justified where contacts are pervasive), *cert. denied,* 419 U.S. 998, 95 S.Ct. 313, 42 L.Ed.2d 272 (1974). In *Perkins,* the Court held that a Philippine corporation, while conducting its business in Ohio during wartime, could be

subject to personal jurisdiction in Ohio. The corporation's mining operations in the Philippines had been halted by the invasion of the Japanese. The president of the corporation returned to his home in Ohio and there carried on "a continuous and systematic supervision of the necessarily limited wartime activities of the company." 342 U.S. at 448, 72 S.Ct. at 419.

The fact that an alien corporation was forced into the forum by an act of war was not controlling in *Perkins*. It is clear, however, that the activities of the alien corporation in the forum must be of an amount and kind that "make it reasonable and just to subject the corporation to the jurisdiction of that state." 342 U.S. at 445, 72 S.Ct. at 418. In *Perkins*, the company's business was being directed from Ohio, where the president kept an office, carried on correspondence, maintained two active bank accounts, held director's meetings, supervised activities in the Philippines and dispatched funds there. 342 U.S. at 445, 72 S.Ct. at 418. DLW's sales activities in California do not approach the pervasiveness of the corporate activity in *Perkins*.

### III.

The requirements of personal jurisdiction recognize and protect the defendant's individual liberty interest preserved by the Due Process Clause. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 & n. 10, 102 S.Ct. 2099, 2104 & n. 10, 72 L.Ed.2d 492 (1982). It would not comport with fair play and substantial justice to assert jurisdiction over a West German corporation in the distant forum of California on a claim that arises out of activities in Europe, where the corporation had no contact with California other than a developing sales market. The order dismissing the action for lack of personal jurisdiction is AFFIRMED.