988 F.2d 121
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Virgil SAYRE; Pacvid Incorporated, Plaintiffs-Appellants,
v.
BURLE INDUSTRIES INCORPORATED; George Brody, Defendants-Appellees.
 No. 91-55289.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 4, 1993.
Decided Feb. 23, 1993.
 
 Appeal from the United States District Court for the Central District of California, No. CV-90-3044-RMT; Robert M. Takasugi, District Judge, Presiding.
 C.D.Cal.
 REVERSED AND REMANDED.
 
 
 1
 Before BEEZER, BRUNETTI and DAVID R. THOMPSON, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Plaintiff/appellant Virgil Sayre appeals the district court's dismissal of his suit against Burle Industries, Inc. for lack of personal jurisdiction over defendant. We reverse and remand.
 
 
 4
 * Appellant Virgil Sayre is a California resident and president of plaintiff/appellant PACVID, Inc. (collectively, "Sayre"). Sayre filed this action against Burle Industries, Inc., and George Brody,[1] asserting several claims arising out of the allegedly wrongful termination of an "exclusive" sales representative agreement. Burle is a Pennsylvania corporation which succeeded to its predecessor-in-interest's position as a party to the representative agreement with Sayre.
 
 
 5
 Burle removed the action to the Federal District Court for the Central District of California, and moved the court to dismiss the cause for lack of personal jurisdiction. The court granted that motion and dismissed the case without an evidentiary hearing. Sayre appeals that dismissal.
 
 II
 
 6
 The plaintiff bears the burden of establishing that the court has personal jurisdiction over the defendant. Cubbage v. Merchent, 744 F.2d 665, 667 (9th Cir.1984), cert. denied, 470 U.S. 1005 (1985). Because the trial court ruled on the issue relying only on declarations and discovery materials without holding an evidentiary hearing, its dismissal is appropriate only if the plaintiff has not made a prima facie showing of personal jurisdiction. Congoleum Corp. v. DLW Aktiengesellschaft, 729 F.2d 1240, 1241 (9th Cir.1984); Data Disc, Inc. v. Systems Technology Assocs. Inc., 557 F.2d 1280, 1284-85 (9th Cir.1977). For purposes of this appeal, therefore, we treat Sayre's allegations as correct. Fields v. Sedgwick Associated Risks, Ltd., 796 F.2d 299, 301 (9th Cir.1986).
 
 
 7
 There are two types of personal jurisdiction: general and specific. Because we find that Sayre has made a prima facie showing of jurisdictional facts sufficient to support the exercise of specific jurisdiction over Burle, we do not address the former ground.
 
 III
 
 8
 The two limitations on a court's power to exercise personal jurisdiction over a nonresident defendant are the forum state's personal jurisdiction statute and the Due Process Clause of the United States Constitution. See Sher v. Johnson, 911 F.2d 1357, 1360 (9th Cir.1990). Because California extends its jurisdiction to the "outer limits of due process," we need address only the question whether the exercise of personal jurisdiction over the defendant comports with federal constitutional principles. Data Disc, 557 F.2d at 1286-87 & n. 3; Cal.Civ.Proc.Code § 410.10.
 
 IV
 
 9
 We apply a three part test to evaluate whether a court may exercise specific personal jurisdiction:
 
 
 10
 (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws.
 
 
 11
 (2) The claim must be one which arises out of or results from the defendant's forum-related activities.
 
 
 12
 (3) Exercise of jurisdiction must be reasonable.
 
 
 13
 Data Disc, 557 F.2d at 1287.
 
 
 14
 The first two requirements "are closely related because they focus on the relationship of the defendant and the claim to the forum state." Paccar Int'l., Inc. v. Commercial Bank of Kuwait, S.A.K., 757 F.2d 1058, 1062 (9th Cir.1985). Once minimum contacts are shown, a rebuttable presumption arises that the exercise of jurisdiction is reasonable. Haisten v. Grass Valley Medical Reimbursement Fund, Ltd., 784 F.2d 1392, 1397 (9th Cir.1986). The burden is on Burle which "must present a compelling case that jurisdiction would be unreasonable." Haisten, 784 F.2d at 1400 ( citing Burger King Corp v. Rudzewicz, 471 U.S. 462, 477-78 (1985)).
 
 
 15
 A. Purposeful Availment Through Forum-Related Activities.
 
 
 16
 A finding of purposeful availment requires some affirmative conduct by the defendant which allows or promotes the transaction of business within the forum state. For example, where a defendant solicits business in the forum state, the resulting transactions will probably constitute the deliberate transaction of business invoking the benefits of the forum state's laws. Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 840 (9th Cir.1986).
 
 
 17
 Burle's involvement with Sayre satisfies this test. Burle voluntarily assumed the existing agreement between its predecessor-in-interest and Sayre. The whole point of that agreement was to maximize the commerce in Burle's products and thereby increase the extent to which Burle "availed itself of the privilege of doing business" in California. See id.
 
 
 18
 We recognize that the mere existence of a contract with a resident of the forum state "is insufficient by itself to create personal jurisdiction over the nonresident." Roth v. Garcia Marquez, 942 F.2d 617, 621 (9th Cir.1991) ( citing Burger King, 471 U.S. at 478). However, where, as here, one party reaches out beyond one state to create "continuing relationships and obligations with citizens of another state," that party is subject to regulation in the forum state for the consequences of those actions. Burger King, 471 U.S. at 473 ( quoting Travelers Health Ass'n v. Virginia, 339 U.S. 643, 647 (1950)).
 
 
 19
 Furthermore, the gravamen of Sayre's complaint is that the termination of the representative agreement was wrongful because Burle represented to Sayre that their contractual relationship would continue as it had previously. As we noted in Data Disc, "[t]he inducement of reliance in California is a sufficient act within California to satisfy the requirement of minimum contacts where the cause of action arises out of that inducement." 557 F.2d at 1288. Here, minimum contacts exist.
 
 
 20
 B. Reasonableness.
 
 
 21
 We evaluate seven factors in considering whether the exercise of jurisdiction would be reasonable. Decker Coal Co., 805 F.2d at 840.
 
 
 22
 (1) The extent of purposeful interjection into the forum state.
 
 
 23
 The factors which dictate whether a defendant has "purposefully interjected" its activities into the forum are coextensive with those weighing on the purposeful direction analysis above. Because we have determined that Burle purposefully availed itself of the forum state, this factor cannot weigh in its favor. See Corporate Inv. Business Brokers v. Melcher, 824 F.2d 786, 790 (9th Cir.1987).
 
 
 24
 (2) Burden on the defendant.
 
 
 25
 "We examine the burden on the defendant in light of the corresponding burden on the plaintiff." Brand v. Menlove Dodge, 796 F.2d 1070, 1075 (9th Cir.1986). This factor weighs in favor of the reasonableness of jurisdiction. Burle is a nationwide operation, while Sayre appears to operate solely in the extreme southwestern United States.
 
 
 26
 (3) Conflict with Sovereignty of the Defendant's State.
 
 
 27
 Although sovereignty interests may carry significant weight when defendant hails from a foreign country, this factor is of minimal significance with respect to state sovereignty. Decker Coal Co., 805 F.2d at 841. Therefore, assuming arguendo the validity of the forum selection clause, Pennsylvania's state interest in overseeing this action is minimal.
 
 
 28
 (4) The Forum State's Interest in Adjudicating the Dispute.
 
 
 29
 Sayre's case advances both contractual and tort theories of recovery. For purposes of our review,[2] however, we note that the basis of Sayre's claim is the representative distribution agreement, and its alleged breach. For this reason, the support this factor lends to the reasonableness of jurisdiction, if any, is slight. Compare Roth, 942 F.2d at 624 (forum state does not appear to enjoy same strong interest in protecting her residents in contract case as in tort case) with Melcher, 824 F.2d at 791 (forum state's interest in providing effective redress to its citizens injured by breach of contract supports exercise of jurisdiction).
 
 
 30
 (5) Most Efficient Judicial Resolution.
 
 
 31
 This category appears to hold no strong edge for either party. Although Burle asserts that the majority of witnesses and documentary evidence are located in Pennsylvania, it is equally true that Sayre's witnesses and evidence likely remain in California.
 
 
 32
 (6) Importance of the Forum to Plaintiff's Interest in Convenient and Effective Relief.
 
 
 33
 Maintaining a suit in Pennsylvania would undoubtedly be inconvenient and expensive for Sayre. Sayre has not shown, however, that the alleged breach of agreement by Burle cannot be effectively remedied in Pennsylvania. See Brand, 796 F.2d at 1075. This factor weighs only slightly in Sayre's favor.
 
 
 34
 (7) Existence of an Alternative Forum.
 
 
 35
 Sayre "bears the burden of proving the unavailability of an alternative forum." FDIC v. British-American Ins. Co., Ltd., 828 F.2d 1439, 1445 (9th Cir.1987). Sayre has not shown that it could not pursue its action in another forum. This failure, however, is not dispositive. See, e.g., Roth, 942 F.2d at 625; Sinatra, 854 F.2d at 1201; Gates Learjet Corp. v. Jensen, 743 F.2d 1325, 1334 (9th Cir.1984), cert. denied, 471 U.S. 1066 (1985). We have recognized that the existence of another forum "becomes an issue only when the forum state is shown to be unreasonable." Melcher, 824 F.2d at 791; Sinatra, 854 F.2d at 1201.
 
 
 36
 C. Conclusion.
 
 
 37
 After balancing the seven factors, we conclude that Burle has not shown that the district court's exercise of jurisdiction would be unreasonable. None of the factors point strongly against the reasonableness of the Central District of California exercising jurisdiction over Burle. Burle has therefore not made the "compelling case" which it must in order to defeat jurisdiction in this case.
 
 V
 
 38
 Sayre has satisfied its prima facie showing of jurisdictional facts sufficient to support personal jurisdiction over defendant Burle Industries. On remand, the district court may either assume jurisdiction over Burle based upon the declarations and discovery now before the court, or it may grant Burle an opportunity further to explore the jurisdictional issue at a preliminary hearing pursuant to Fed.R.Civ.P. 12(d). If the court in its discretion elects to receive evidence in proof of the jurisdictional question, Sayre must then satisfy the higher burden of proving the jurisdictional facts by a preponderance of the evidence. Data Disc, 557 F.2d at 1289.
 
 VI
 
 39
 For the foregoing reasons, we reverse and remand this matter to the district court for further proceedings.
 
 
 40
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 George Brody has since been dismissed from this action
 
 
 [2]
 We express no opinion on the underlying merits of Sayre's claims