26 F.3d 130
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jeanne CURRAN, Plaintiff-Appellant,
v.
The JEROME HOTEL, aka: Hotel Jerome Associates, L.P.; dba:
Jerome Hotel, Defendant-Appellee.
 No. 93-56522.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 9, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jeanne Curran appeals the district court's dismissal of her diversity action for personal injuries against defendant Jerome Hotel ("Hotel"). The district court dismissed her action because (1) her action was barred by the California statute of limitations, and (2) the district court lacked personal jurisdiction over the Hotel. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 Background
 
 3
 On March 5, 1992, Curran filed her complaint for damages in the United States District Court for the Central District of California. In her complaint, Curran, a California resident, alleged that on March 10, 1990, she was a guest at the Jerome Hotel, which is located in Colorado. Curran alleged that she was struck beneath her left eye by a plastic cover which fell from the closet lamp in her hotel room, and sustained injuries. Curran alleged that her injuries were a result of Hotel's negligent maintenance of the room.
 
 
 4
 Hotel moved to dismiss Curran's action. The district court granted the motion on the grounds that (1) the court lacked personal jurisdiction over Hotel, and (2) the action was time-barred under California's one year statute of limitation.
 
 Discussion
 
 5
 Curran contends that the district court erred by dismissing her diversity action for lack of personal jurisdiction over the defendant. Curran bears the burden of establishing that the district court had personal jurisdiction. See Shute v. Carnival Cruise Lines, 897 F.2d 377, 379 (9th Cir.1990), rev'd on other grounds, 499 U.S. 585 (1991). When the district court's ruling on jurisdiction is based upon a review of affidavits, dismissal is appropriate only if plaintiff fails to make a prima facie showing of personal jurisdiction. Alexander v. Circus Circus Enters., Inc., 939 F.2d 847, 850 (9th Cir.1991). In ruling on personal jurisdiction, "we may not assume the truth of allegations in a pleading which are contradicted by affidavit." Data Disc, Inc. v. Systems Technology Assocs., Inc., 557 F.2d 1280, 1284 (9th Cir.1977) (citing Taylor v. Portland Paramount Corp., 383 F.2d 634, 639 (9th Cir.1967).
 
 
 6
 To determine whether personal jurisdiction exists over a nonresident defendant in a diversity case, we consider both the scope of the forum state's long arm statute and whether such jurisdiction accords with due process. Id. Because California's long arm statute confers jurisdiction to the outer limits of due process, Cal.Civ.Proc.Code Sec. 410.10, our review is limited to whether the exercise of personal jurisdiction comports with due process. Id.
 
 
 7
 A district court may have general jurisdiction if a defendant has "substantial" or "continuous and systematic" contacts with the forum, see Shute, 897 F.2d at 380, or "limited" or "specific" jurisdiction if the cause of action arose out of a defendant's forum related activities, see Sinatra v. National Enquirer, Inc., 854 F.2d. 1191, 1194-95 (9th Cir.1988). A district court can assert limited jurisdiction if the following three conditions are satisfied: (1) the nonresident defendant performs some act purposefully availing himself of the privilege of conducting activities in the form; (2) the claim arises out of defendant's forum related activities; and (3) the exercise of jurisdiction is reasonable. Id. Each of these tests must be satisfied. Peterson v. Kennedy, 771 F.2d 1244, 1261 (9th Cir.1985), cert. denied, 475 U.S. 1122 (1986).
 
 
 8
 Here, Curran's complaint failed to plead any facts to establish that the district court sitting in California had personal jurisdiction over a Colorado defendant for an injury sustained in Colorado. Because she failed to plead facts showing either general or specific jurisdiction over Hotel, Curran failed to make a prima facia showing of jurisdiction.
 
 
 9
 In support of its motion to dismiss, Hotel submitted the uncontroverted affidavit of Tim Arbogast, comptroller for Hotel. In his affidavit, Arbogast stated that Hotel had no continuous or systematic contacts with California, and that Hotel had not executed any sales or purchase contracts within the State of California. Arbogast further stated that Hotel has advertised in California "on a periodic basis" in two publications.
 
 
 10
 In response to Hotel's motion to dismiss, Curran introduced no evidence. Rather, in her opposition to the motion to dismiss, she responded with conclusory allegations that the district court had specific jurisdiction over Hotel. Curran's conclusory allegations in her pleading were not sufficient to contradict Hotel's affidavit. See Taylor, 383 F.2d at 639 ("mere allegations of the complaint, when contradicted by affidavits, are [not] enough to confer personal jurisdiction over a nonresident defendant"). Because Curran failed to show sufficient facts to establish personal jurisdiction over Hotel, the district court properly dismissed this action for lack of personal jurisdiction. See Data Disc, 557 F.2d at 1285. Therefore, we do not reach the issue of the statute of limitations. The judgment of district court is
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3