**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRED YOUNG, an individual; and JIASUI LI, an individual also known as Gary Lee, | No. 09-55352 |
| Plaintiffs-Appellants, | D.C. No. 06-cv-1667-MMA |
| v. | MEMORANDUM [*] |
| ACTIONS SEMICONDUCTOR CO., LTD., a Republic of Mauritius Company; and ACTIONS SEMICONDUCTOR CO., LTD., a Cayman Island Company, JOHN DOES, 1 through 25, inclusive, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted June 11, 2010
Pasadena, California

Before: D.W. NELSON and GOULD, Circuit Judges, and GWIN,[**] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

Appellants Fred Young ("Young") and Jiasui Li, also known as Gary Lee ("Lee"), appeal the district court's dismissal of their complaint for lack of personal jurisdiction. We have jurisdiction under 28 U.S.C. § 1332(a), and we affirm.

Young and Lee claim they worked for non-party Actions Zhuhai[1] and received in return salary from Actions Zhuhai and stock in Actions Mauritius,[2] a holding company that owns Actions Zhuhai. Actions Zhuhai manufactures semiconductor chips for use in electronic devices such as MP3 players.

On July 25, 2005, Actions Cayman[3] acquired all of Actions Mauritius's outstanding shares through a "reverse-merger." As a result of the reverse-merger, Actions Mauritius shareholders became entitled to trade in their stock for Actions Cayman stock. Both Actions Cayman and Actions Mauritius act as holding companies that own the Actions Zhuhai manufacturing company.

In this case, Lee and Young claim that Actions Cayman and Actions Mauritius failed to recognize their equity interest in Actions Mauritius during this merger transaction. They sued the Defendants in California even though each of

---

[1]Non-party Actions Semiconductor Co. Ltd., a People's Republic of China company, is referred to herein as "Actions Zhuhai."

[2]Appellee Actions Semiconductor Co. Ltd., a Republic of Mauritius company, is referred to herein as "Actions Mauritius."

[3]Appellee Actions Semiconductor Co., Ltd., a Cayman Islands company, is referred to herein as "Actions Cayman."

2

the Defendants is a foreign corporation with its principal place of business in Zhuhai, China, and even though the Defendants allegedly refused to recognize an equity interest in Actions Cayman arising from a merger that took place in either China, the Republic of Mauritius, or the Cayman Islands.

The Appellants nevertheless contend that California can exercise jurisdiction because Actions Cayman marketed and sold shares in California in 2005-06 and used two California-based firms to provide underwriting and investor relations services in support of its stock offering. Alternatively, the Appellants say there is jurisdiction because Actions Cayman, Actions Mauritius, and Actions Zhuhai are one another's agents or alter-egos, and Actions Zhuhai has ongoing business relationships in California.

We review a district court's grant of a motion to dismiss for lack of personal jurisdiction *de novo*. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). A plaintiff opposing such a motion has the burden of establishing that jurisdiction is proper. *Harris Rutsky & Co. Ins. Servs., Inc., v. Bell & Clements Ltd.*, 328 F.3d 1122, 1128-29 (9th Cir. 2003). Where, as here, the district court decides the motion without an evidentiary hearing, "the plaintiff need only make a prima facie showing of the jurisdictional facts." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). California's long-arm statute allows courts to exercise personal

3

jurisdiction over defendants to the extent permitted by the Federal Due Process Clause. *See* Cal. Code Civ. Pro. § 410.10. Accordingly, we must determine whether the Appellees have "at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

In this case, the Appellants argue that California has both general and specific jurisdiction over both Actions Cayman and Actions Mauritius. We disagree.

Actions Cayman's California contacts fail to create general jurisdiction. The standard for establishing general jurisdiction is fairly high and requires the defendant to have contacts that approximate physical presence in the forum. *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). We consider "whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." *Id.* Actions Cayman is not incorporated or registered to do business in California, has never had any offices or other company facilities in California, has never employed any individuals in

4

California, and has never appointed an agent for service of process in California. Moreover, a foreign corporation's sale of stock in the forum is insufficient by itself to create general jurisdiction. *Cf. Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (finding French corporation's listing of stock on U.S. stock exchanges and promoting sales of its stock insufficient to create nationwide jurisdiction). Actions Cayman's employees' visits to California to market its securities also fail to establish general jurisdiction because those trips were not "continuous and systematic." *See Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995) (finding lack of regular place of business in forum state is significant and not overcome by several visits). Finally, Actions Cayman also is not subject to general jurisdiction based upon its hiring of California firms to conduct its sales and marketing activities. *See Schwarzenegger*, 374 F.3d at 801 (retaining direct-mail marketing and sales training companies in California insufficient to create general jurisdiction); *Congoleum Corp. v. DLW Aktiengesellschaft*, 729 F.2d 1240, 1242 (9th Cir. 1984) (hiring of independent sales promotion representatives and consultants does not create general jurisdiction). Reviewed as a whole, Actions Cayman's California contacts are insufficient to create general jurisdiction in California.

For similar reasons, we find that Actions Mauritius has insufficient contacts with California to establish general jurisdiction. Actions Mauritius had no direct contact with California. As indicated, Actions Mauritius is a holding company operating out of China without manufacturing or marketing activities in California. Thus, Actions Mauritius has insufficient direct contact with California to support general jurisdiction.

The Appellants argue that Actions Zhuhai's California contacts should be attributed to Actions Cayman and Actions Mauritius and that these contacts are sufficient to create general jurisdiction. But if even those contacts could be attributed to Actions Cayman and Actions Mauritius they are not sufficiently "substantial" and "continuous and systematic" to create general jurisdiction in California. *See Bancroft & Masters*, 223 F.3d at 1086. Actions Zhuhai has only the following California contacts: (1) Young's activities negotiating licenses and other business relationships in California between 2002-2005, (2) the continued licensing agreements between Actions Zhuhai and several California companies, and (3) the sale of products containing Actions Zhuhai's chips throughout the United States, including in California. These contacts do not "approximate physical presence" in the forum. *See id.* at 1086 (ongoing licencing agreements with forum companies insufficient to establish general jurisdiction). Even viewed

6

*in toto* with the activities of Actions Cayman in California, these contacts fail to create general jurisdiction.

Nor does California have specific jurisdiction over Actions Cayman or Actions Mauritius for the Appellants' claims. We apply a three-prong test to determine if a non-resident defendant is subject to specific jurisdiction: (1) the non-resident defendant must purposefully direct its activities or consummate some transaction with the forum or resident thereof, or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must arise out of or relate to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable. *Brayton Purcell LLP v. Recordon & Recordon*, ___ F.3d ___, 2010 WL 2135302, at *2-3 (9th Cir. May 28, 2010).

Here, the Appellants' claims do not "arise out of" Actions Cayman's California activities because those claims would still have arisen "but for" Actions Cayman's California activities. *See Doe*, 248 F.3d at 924 (applying "but for" test to "arising out of" prong). Actions Cayman's California contacts consist of marketing and selling its stock in connection with the IPO. The Appellants' claims do not arise out of these securities marketing activities, but instead arise out of the

7

creation and exchange of the Actions Cayman's securities themselves. Stated otherwise, the Appellants' claims arise out of the reverse-merger that created Actions Cayman in 2005 and the failure of Actions Cayman to recognize the Appellants as shareholders, and not out of Actions Cayman's marketing activities. The Appellants would have the same claims against Actions Cayman even if Actions Cayman never marketed or sold its securities in California. Accordingly, we find that California does not have specific jurisdiction over Actions Cayman based on Actions Cayman's California contacts.

Actions Zhuhai's California contacts are also insufficient to create specific jurisdiction over either Actions Cayman or Actions Mauritius in this case. Even if we were to impute Actions Zhuhai's contacts to Actions Cayman under an agency or alter-ego theory, only those Actions Zhuhai contacts that existed during the duration of the agency or alter-ego relationship (*i.e.*, during the existence of Actions Cayman) would be attributable to Actions Cayman. *See State of Idaho v. M.A. Hanna Co.*, 819 F. Supp. 1464, 1479 (D. Idaho 1993). Since Actions Cayman's formation in July 2005, Actions Zhuhai's contacts with California consist solely of ongoing software licenses and the stream of commerce of Actions Zhuhai chips in other companies' products. The Appellants' claims do not arise

8

out of these contacts.  Accordingly, an agency or alter-ego theory does not support specific jurisdiction over Actions Cayman.

Perhaps recognizing this problem, the Appellants also argue that Actions Zhuhai's pre-July 2005 contacts should be attributed to Actions Cayman indirectly through Actions Mauritius because Actions Cayman is the "mere continuation" of Actions Mauritius's business.  But, as we have described, we recognize specific jurisdiction only when the defendant purposefully engages in a transaction with the forum, when the claim arises out of or relates to the defendant's forum-related activities, and when the exercise of jurisdiction is otherwise reasonable.  We conclude that any of Actions Zhuhai's contacts that are attributable to Actions Mauritius are also insufficient to create specific jurisdiction.

As we have described, Lee's and Young's claims arise out of and relate to the 2005 reverse-merger and Actions Mauritius's and Actions Cayman's refusal to recognize any right by Young and Lee to redeem any Actions Mauritius stock they owned.  None of Young's or Lee's claims relate to Actions Zhuhai's  licensing and other business relationships or the indirect sales of its products in California.

Appellant Lee's claims do not arise out of Actions Zhuhai's California contacts.  The Appellants do not even allege that Lee performed services for

9

Actions Zhuhai in California. Accordingly, California does not have specific jurisdiction over Actions Mauritius for Appellant Lee's claims.

Appellant Young's claims also do not arise out of Actions Zhuhai's California contacts. As described above, Actions Zhuhai's contacts in California included Young's licensing and other business negotiations in California. However, Young's claim does not "arise out of" his negotiating of these licensing agreements, but rather out of Actions Mauritius's and Actions Cayman's failure to later recognize him as a shareholder. Notably, Young did not sue Actions Zhuhai and does not claim that Actions Zhuhai breached an agreement with him. Young instead alleges that he was wronged by Actions Mauritius's and Actions Cayman's later actions. Thus, California does not have specific jurisdiction over Young's claims, either.

Moreover, Actions Mauritius has presented a "compelling case" that it would be unreasonable to subject it to jurisdiction in California. *Harris Rutsky*, 328 F.3d at 1132 (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 477 (1985)). We consider seven factors in determining whether the exercise of jurisdiction would be reasonable: (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4)

10

the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Id.*

The balance of these factors compels us to find that the exercise of jurisdiction over Actions Mauritius in this case would be unreasonable. We find the following factors to be of particular importance: (1) Actions Mauritius has no contacts of its own in California; (2) a foreign corporation such as Actions Mauritius bears a substantial burden in defending claims in a foreign legal system, *see id.*; (3) exercising personal jurisdiction over such a foreign corporation raises substantial sovereignty concerns, *see Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 115 (1987); and (4) adjudicating this case in California would be inefficient because nearly all the witnesses and evidence are located in China. Moreover, China appears to be an available alternative forum for the Appellants' claims. And although the remaining factors—the interest of the forum and the convenience and effectiveness of relief available to the appellants—weigh in favor of jurisdiction, "[i]n this circuit, the plaintiff's convenience is not of paramount importance." *Menken v. Emm*, 503 F.3d 1050, 1061 (9th Cir. 2007); *see also*

11

*Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 561 (9th Cir. 1995) ("[T]he law of personal jurisdiction is . . . primarily concerned with the defendant's burden.").

Actions Mauritius has met its burden to show that, on balance, it would be unreasonable for a California court to exercise jurisdiction over it. Thus, for this alternative reason, specific jurisdiction over Actions Mauritius does not exist in this case.

For the above reasons, we hold that the district court correctly dismissed this case for lack of personal jurisdiction.

AFFIRMED.