Charles V. MEADOWS and George Harris, Plaintiffs,

v.

The DOMINICAN REPUBLIC and Instituto de Auxilios & Viviendas, Defendants.

No. C–80–4626 TEH.

United States District Court, N. D. California.

May 26, 1982.

**34**

Kevin W. Finck, Law Offices of E.O.C. Ord, Inc., San Francisco, Cal., for plaintiffs.

## ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

HENDERSON, District Judge.

On April 6, 1982, this Court ordered plaintiff's complaint dismissed for failure to plead facts sufficient to establish jurisdiction under the Foreign Sovereign Immunities Act, (FSIA), 28 U.S.C. § 1330(a), 1602 *et seq.* Plaintiffs filed a motion for reconsideration which came on for hearing before this Court on April 26, 1982. Based on the arguments and briefing by the plaintiffs, as well as the results of the Court's own research, the Court is compelled to deny plaintiffs' motion for reconsideration. Under the circumstances of the case, for purposes of appeal, plaintiffs' motion will be treated as a motion to amend a judgment, pursuant to Rule 59, Fed.R.Civ.P. Accordingly,

THIS COURT HEREBY ORDERS that plaintiffs' motion for reconsideration is denied.

## DISCUSSION

Plaintiffs allege federal court jurisdiction based upon the Foreign Sovereign Immunities Act (FSIA). Title 28 U.S.C. § 1330(a) provides that the district court shall have jurisdiction over a foreign state as to any claim for relief, unless the foreign state is entitled to immunity, and provided service of process has been properly made under Title 28 U.S.C. § 1608.

As the Ninth Circuit noted in *Data Disc, Inc. v. Systems Tech Assoc., Inc.*, 557 F.2d 1280, 1286 (9th Cir. 1977), there are two independent considerations in determining whether a federal court has the power to exercise personal jurisdiction over a defendant. First is whether an applicable statute potentially confers personal jurisdiction over the defendant. Second is whether assertion of such jurisdiction accords with the constitutional principles of due process. *Id.* at 1286. The FSIA satisfies the first concern; we are required to examine the applicable standard with regard to the second.

Plaintiffs argue that under the FSIA, the Court should consider the defendants' national rather than state contacts in determining whether the exercise of jurisdiction over the defendants is constitutional.

In its examination of the FSIA and the Act's potential impact on the jurisdictional reach of the federal courts, the Ninth Circuit observed, albeit as dicta, that personal jurisdiction under the FSIA requires satisfaction of the traditional minimum contacts standard. *Gonzalez v. Consejo Nacional De Produ!on De Costa Rica*, 614 F.2d 1247, 1255 (9th Cir. 1980). Although the Second Circuit articulated a minimum contacts analysis utilizing national contacts where jurisdiction is asserted under the FSIA, it actually applied the traditional minimum contacts analysis and examined the defendants' contacts with the state. *Texas Trading v. Federal Republic of Nigeria*, 647 F.2d 300 (2d Cir. 1981). The Ninth Circuit explicitly stated that it has not decided whether aggregation of national contacts is proper where federal jurisdiction is asserted under a statute authorizing nationwide or world wide service of process. *Kramer Motors, Inc. v. British Leyland, Ltd.*, 628 F.2d 1175, 1177, n. 4 (9th Cir. 1980). In the absence of clear authority from the Ninth Circuit discarding the traditional minimum contacts analysis where jurisdiction is asserted under the FSIA, we are compelled to apply the traditional analysis to this case, and conclude that there are insufficient contacts between the defendants and California to warrant this Court's exercise of jurisdiction. Plaintiffs' motion for reconsideration is therefore denied.

SO ORDERED.