**AMERICAN PRESIDENT LINES, LTD.,
a corporation, Plaintiff,**

v.

**METROPOLITAN STEVEDORE SERV-
ICES, a corporation, Defendant.**

**No. C82–1395B.**

United States District Court,
W.D. Washington,
at Seattle.

June 21, 1983.

---

Richard F. Allen and Richard A. Nielsen, Jr., of Lane, Powell, Moss & Miller, Seattle, Wash., for plaintiff.

Michael Babcock, Henry C. Jameson and David R. Lord of Ferguson & Burdell, Seattle, Wash., and John D. Mahoney, John M. Ross and James M. Wagstaffe of Cooper, White & Cooper, San Francisco, Cal., for defendant.

## ORDER

BEEKS, District Judge.

Plaintiff is a Delaware corporation, doing business in the State of Washington, and the owner of the S/S PRESIDENT CLEVELAND. Defendant is a California corporation. On November 23, 1982, plaintiff instituted an action in admiralty alleging that defendant negligently and in an unworkmanlike manner, loaded and stowed cargo on said vessel at San Pedro, California destined for Bhavnagar, India. Plaintiff contends that upon arrival at Seattle, enroute to destination, a negligent stow necessitated a layover of twenty-three days to discharge, cleanup, and re-stow said cargo. Plaintiff obtained service pursuant to RCW 4.28.185(4) and RCW 4.28.180.

Defendant contends that it does not do business within Washington and moves for dismissal for lack of personal jurisdiction.

■ The standard to be applied to evaluate the nature and quality of a defendant's contacts with the forum is as follows: (1) the nonresident defendant must do some act or consummate some transaction within the forum or perform some act by which he purposely avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its law; (2) the claim must be one which arises out of or results from the defendant's forum related activities; (3) the exercise of jurisdiction must be reasonable. *Data Disc, Inc. v. Systems Technology Ass'n, Inc.,* 557 F.2d 1280, 1287 (9th Cir.1977).

■ Plaintiff points to only one contact by defendant with the State of Washington: PRESIDENT CLEVELAND docked in Seattle carrying cargo loaded and stowed by defendant in an allegedly negligent manner. Due process requires that the defendant have a reasonable expectation that the nature of its conduct is such that it may be "haled before the court" in the forum state. *Worldwide Volkswagen Corporation v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). Standing alone, the fact that the defendant could foresee that its conduct might affect the forum state, or that its "product" might find its way to the forum state, is insufficient to constitute such a "reasonable expectation." *Id.* The loading of cargo at San Pedro is not of such a nature that it can be said to put defendant on notice that it might be called to defend such actions at

any port at which the vessel may call. The circumstance that the vessel's owner elected to dock in Seattle is insufficient to support the assertion of jurisdiction over defendant under Washington's long arm statute.

Plaintiff argues that defendant's actions are analogous to those of a manufacturer who purposely injects its products into the stream of commerce and thereby becomes amenable to the personal jurisdiction of the courts of the forum state. This is not such a case and the court rejects its application. The stream of commerce theory was developed to sustain jurisdiction in product liability cases in which the product had traveled through an extensive chain of distribution before reaching the ultimate consumer. *DeJames v. Magnificence Carriers, Inc.*, 654 F.2d 280, 285 (3d Cir.1980). Unlike the manufacturers in the stream of commerce cases, defendant did not utilize the owner of the vessel it loaded as a distributor of its "products" and thus did not take advantage of an indirect marketing scheme and received no economic benefit, either direct or indirect, from the residents of Washington.

Additionally, for the reasons aforesaid, and after considering the relevant factors with respect to the exercise of personal jurisdiction enumerated in *Insurance Co. of North America v. Marina Salina Cruz*, 649 F.2d 1266, 1270 (9th Cir.1981), for this court to exercise jurisdiction in this matter would be unreasonable. Accordingly, defendants' motion to dismiss is granted without prejudice to the institution of an action in a proper forum.