584 F.Supp. 890 (1984)
COMMERCIAL DESIGN, INC., Plaintiff,
v.
DEAN/DALE AND DEAN ARCHITECTS, Defendant.
No. 84-365C(1).
United States District Court, E.D. Missouri, E.D.
May 11, 1984.
*891 Robert J. Albair, Clayton, Mo., for plaintiff.
Daniel E. Wilke, Clayton, Mo., for defendant.

MEMORANDUM
NANGLE, Chief Judge.
This case is now before this Court on defendant's motion to dismiss or, in the alternative, to transfer this case. Defendant argues that this Court lacks personal jurisdiction over it and that, if in personam jurisdiction exists, this case should be transferred to the Southern District of Mississippi pursuant to 28 U.S.C. § 1404(a).
In passing on a motion to dismiss for lack of jurisdiction over a non-resident, a federal diversity court is required to engage in a two-step inquiry: first, whether defendant committed one of the acts enumerated in the long-arm statute; and second, whether the exercise of personal jurisdiction over defendant violates the due process clause of the fourteenth amendment. The Land-O-Nod Company v. Bassett Furniture Industries, Inc., 708 F.2d 1338 (8th Cir.1983); Scullin Steel Co. v. National Railway Utilization Corp., 676 F.2d 309, 312 (8th Cir.1982). Plaintiff, the party that is seeking to invoke federal jurisdiction, has the burden of establishing that jurisdiction exists, and this burden may not be shifted to the party challenging the jurisdiction. Mountaire Feeds, Inc. v. Agro Impex, S.A., 677 F.2d 651, 653 (8th Cir. 1982). While the facts are viewed in the light most favorable to the plaintiffs, "there must nonetheless be some evidence upon which a prima facie showing of jurisdiction may be found to exist ...." Aaron Ferer & Sons Co. v. Diversified Metals Corp., 564 F.2d 1211, 1215 (8th Cir.1977) (citations omitted). See also Data Disc, Inc. v. Systems Technology Associates, Inc., 557 F.2d 1280, 1285 (9th Cir.1977) (plaintiff need only make a prima facie showing of jurisdictional facts through submission of affidavits plus discovery materials); 4 Wright & Miller, Federal Practice and Procedure: Civil § 1068 at 250 (1969).
Missouri's Long-Arm statute provides:
1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any such acts:
(1) The transaction of any business within this state;
(2) The making of any contract within this state;
(3) The commission of a tortious act within this state;
(4) The ownership, use, or possession of any real estate situated in this state;
(5) The contracting to insure any person, property or risk located within this state at the time of contracting.
2. Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction over him is based upon this section.
§ 506.500, R.S.Mo. (1982).
The due process clause of the fourteenth amendment places limits upon the power of a court to exercise personal *892 jurisdiction over a non-resident defendant. The due process clause requires that a defendant have certain minimum contacts with the forum state such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); Land-O-Nod, 708 F.2d at 1340. Accord World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); Kulko v. California Superior Court, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978). "In judging minimum contacts, a court properly focuses on `the relationship among the defendant, the forum, and the litigation.'" Calder v. Jones, ___ U.S. ___ at ___, 104 S.Ct. 1482 at 1486, 79 L.Ed.2d 804 (1984) (citations omitted). See also Helicopteros Nacionales de Colombia S.A. v. Hall, ___ U.S. ___ at ___-___, 104 S.Ct. 1868 at 1872, 80 L.Ed.2d 404 (1984). The defendant's contacts with the forum state must be purposeful and such that defendant "should reasonably anticipate being haled into court there." World Wide Volkswagen, 444 U.S. at 297, 100 S.Ct. at 567. See also Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958).
In this circuit, the due process standard has devolved into a consideration of five factors:
(1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts with the forum state; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties.
Aaron Ferer & Sons Co. v. Diversified Metals Corp., 564 F.2d 1211, 1215 (8th Cir. 1977). See Land-O-Nod, 708 F.2d at 1340. The first three factors are of primary importance and the last two are of secondary importance. Land-O-Nod, 708 F.2d at 1340.
This action was originally filed in the Circuit Court of the City of St. Louis, Missouri, and was subsequently removed to this Court pursuant to 28 U.S.C. § 1441(a). In its complaint, plaintiff relies on theories of breach of contract and quantum meruit to recover approximately $12,000.00 for services allegedly performed by plaintiff for defendant. To satisfy the long-arm statute, plaintiff relies on the acts of transacting business and making a contract within Missouri. Defendant contends that the long-arm statute has not been satisfied and that, in any event, defendant's contacts with the State of Missouri do not satisfy the minimum requirements of due process. Finally, defendant argues that a transfer of this action is warranted under 28 U.S.C. § 1404(a).
The operative facts in this case are as follows. Through either telephone calls or letters from defendant to plaintiff, defendant solicited a contract offer or proposal from plaintiff to perform certain design services for a bank that was being built by defendant in Mississippi. Plaintiff sent a letter to defendant which contained an offer to make a contract. Defendant responded by returning the letter signed, but with the following proviso:
This proposal is accepted on the condition that the Architect be kept apprised on a regular basis of the progress of the work performed by Commercial Design, Inc., Bank Consultant, including monthly accountings of time and expenses incurred. Also, after thorough discussion by both parties, should it become obvious to both parties that Commercial Design, Inc. is performing services which would be a duplication of work to be performed by the Architect, the Architect would reserve the right to limit such services on the part of Commercial Design, Inc.
Thereafter, plaintiff accepted the condition by initialing the letter and sent a copy to defendant. Plaintiff performed the contract by performing services in Missouri and defendant made some payments to plaintiff by sending them to Missouri.
Under these facts it is the opinion of this Court that defendant is subject to the long-arm jurisdiction of Missouri courts. *893 Because defendant conditioned its acceptance of the contract on plaintiff's acceptance of additional terms, no contract was formed until plaintiff accepted the additional terms. Further, because the acceptance took place in Missouri the contract was made in Missouri. The Uniform Commercial Code, as adopted in Missouri, does not apply to a contract for services and therefore general contract law principles apply. The so-called "mirror image" rule has not been rejected in Missouri:
If the purported acceptance of the offer introduces new or variant terms or omits, enlarges or modifies the terms of the offer, the purported acceptance amounts to a counteroffer and rejection of the original offer, and no contract has been formed.
Koch-Laumand Contracting, Inc. v. May Department Stores Company, 623 S.W.2d 52, 55 (Mo.App.1981). Thus, defendant's reply letter was a counteroffer and the contract was made in Missouri when plaintiff accepted said counteroffer. Defendant apparently contends that the contract was made in Mississippi because, after accepting defendant's counteroffer, plaintiff sent the contract to defendant with the terms of the above proviso re-worded. Nevertheless, this Court is satisfied that the offer was effectively accepted by plaintiff in Missouri and the re-wording of the proviso did not constitute a counter-counteroffer. Moreover, defendant's contacts with plaintiff constitute transacting business in Missouri for purposes of the long-arm statute. In any event, Missouri courts have interpreted the terms of § 506.500 broadly to extend jurisdiction of Missouri courts over non-resident defendants to the extent permissible under the due process clause. State ex rel. Newport v. Wiesman, 627 S.W.2d 874, 876 (Mo.banc 1982); State ex rel. Deere and Company v. Pinnell, 454 S.W.2d 889, 892 (Mo.banc 1970). Therefore, assuming that service of process on defendant was authorized by § 506.500, the central issue is whether the exercise of personal jurisdiction over defendant violates the due process clause.
In the opinion of this Court, the nature, quality and quantity of defendant's contacts with the State of Missouri were such that this Court's exercise of in personam jurisdiction over defendant comports with due process. Defendant made a contract in Missouri and caused that contract to be performed in Missouri. Under these circumstances it is entirely fair to require defendant to defend a lawsuit in Missouri arising out of the alleged breach of said contract. Defendant's contacts with Missouri were purposeful, Missouri has a strong interest in providing a forum for its residents to litigate a dispute arising out of a Missouri contract performed in Missouri, and the convenience of the parties weighs strongly in favor of maintaining this suit in Missouri. While defendant's contacts with Missouri were probably not enough to subject defendant to the general jurisdiction of Missouri courts, those contacts were sufficient to subject defendant to this Court's jurisdiction in this action. See Helicopteros Nacionales de Colombia, S.A. v. Hall, ___ U.S. ___ at ___, 104 S.Ct. 1868 at 1874, 80 L.Ed.2d 404 (1984). Accordingly, defendant's motion to dismiss is denied.
Defendant also seeks a transfer of this case to the Southern District of Mississippi pursuant to 28 U.S.C. § 1404(a). Transfer under § 1404(a) is discretionary and "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). In this case, the balance of convenience weighs strongly in plaintiff's favor. The witnesses and documents which will be needed to prove plaintiff's case are all located in Missouri. Accordingly, defendant's motion to transfer is denied.