

Decided July 31, 1989

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| THE COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, et al., ) ) ) | CIVIL CASE NO. 87-0011 |
| Plaintiffs, ) ) | |
| v. ) ) | DECISION AND ORDER |
| DEFENDANT TORONTO-DOMINION MATTHEWS & WRIGHT GROUP, LTD., a New York Corporation et al., ) ) ) ) ) | DEFENDANT TORONTO-DOMINION BANK'S MOTION TO DISMISS FOR LACK OF JURISDICTION OVER THE PERSON |
| Defendants. ) ) | |

THIS MATTER came before the Court on July 28, 1989, for hearing of defendant Toronto-Dominion Bank's motion to dismiss for lack of jurisdiction over the person. For the reasons given below, the motion is DENIED.

Plaintiff's assertion of jurisdiction finds support both in constitutional due process requirements and the law of the Commonwealth of the Northern Mariana Islands (CNMI).

The CNMI has decided that the exercise of jurisdiction over the person "shall be coextensive with the minimum standards of due process as determined in the United States Federal Courts." 7 Commonwealth Code section 1102(e).

Federal due process requirements mandate that a nonresident defendant must have such contacts with the forum that the exercise of jurisdiction over the person "would not offend traditional

930

notions of fair play and substantial justice." International Shoe Co. v. Washington, 66 S. Ct. 154, 158 (1945). Plaintiff bears the burden of showing by a preponderance of the evidence that jurisdiction is proper. Data Disc, Inc. v. Systems Technology Associates, 557 F.2d 1280, 1285 (9th Cir. 1977).

In the absence, as here, of "substantial" or "continuous and systematic" contacts, limited jurisdiction is proper if the "nature and quality" of the defendant's contacts with the forum are significant in relation to the specific cause of action. Data Disc, Inc., 557 F.2d at 1287. This determination is made using a three-part test:

> 1. The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws.
>
> 2. The claim must be one which arises out of or results from the defendant's forum-related activities.
>
> 3. Exercise of jurisdiction must be reasonable.

Sinatra v. National Enquirer, Inc., 854 F.2d 1191, 1195 (9th Cir. 1988), citing, Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 839 (9th Cir. 1986).

Here, defendant agreed to act as the depository bank for this bond offering. Defendant's name appeared in the Official Statement prepared for the offering and made available to the public and business community. Presumably, the offeror felt that engaging the services of defendant lent expertise, prestige and respectability to the offering, and defendant became an integral part of the bond

931

effort. By agreeing to participate in this offering, defendant allegedly did and would continue to derive a substantial economic benefit from this arrangement and thus did avail itself of the privilege of conducting business activities in this forum. The claim against defendant arose from these forum-related contacts.

These minimum contacts, although sufficient to find jurisdiction, can also be considered "in light of other factors to determine whether the assertion of personal jurisdiction [will] comport with 'fair play and substantial justice.'" Burger King Corp. v. Rudzewicz, 105 S.Ct. 2174, 2184 (1985). Decker Coal Co., 805 F.2d at 840, lists the "other factors" as these:

> 1. The extent of purposeful interjection into the forum state;
>
> 2. The burden on defendant of defending in the forum;
>
> 3. The extent of conflict with the sovereignty of defendant's state;
>
> 4. The forum state's interest in adjudicating the dispute;
>
> 5. The most efficient judicial resolution of the controversy;
>
> 6. The importance of the forum to plaintiff;s interest in convenient and effective relief;
>
> 7. The existence of an alternative forum.

Since this Court has determined that defendant "purposefully availed" itself of the benefits and protections afforded by this jurisdiction, defendant must present a "compelling case" to overcome

**932**

the presumption that an exercise of jurisdiction is reasonable. Burger King, 105 S.Ct. at 2184-2185.

The extent-of-purposeful-interjection factor is accorded no weight once defendant has been determined to have purposefully availed itself of the protection and benefits of this forum. Corporate Investment Business Brokers v. Melcher, 824 F.2d 786, 790 (9th Cir. 1987).

The second factor, burden on the defendant, is equally balanced by the burden on plaintiff if forced to litigate elsewhere.

As to conflict stemming from choice of laws of different sovereigns, New York State and the CNMI are, for purposes of this analysis, equal.

The CNMI clearly has a strong interest in adjudicating this dispute. Cubbage v. Merchent, 744 F.2d 665, 671 (9th Cir. 1984). The question is whether the forum state is concerned with the outcome of the litigation. Corporate Investment Brokers, 824 F.2d at 791. The CNMI obviously is concerned with the outcome of the litigation.

The CNMI is the most efficient forum for judicial resolution. The alleged injury occurred here, this Court is competent to determine the applicable law, and many of the witnesses reside here. This forum is the most convenient and effective forum to provide the relief, if any relief is found justified, to plaintiff. The problems confronting defendant are the same as those faced by all defendants who defend actions outside their home states--- they and their witnesses must travel to a distant forum. Id., at 791.

**933**

Finally, although New York is an alternative forum, a weighing of all the factors leads to the conclusion that it is a less convenient forum to adjudicate the issues raised in this lawsuit.

Under all the circumstances of this case, an exercise of jurisdiction over defendant is reasonable.

IT IS SO ORDERED.

DATED THIS _____31ST_____ day of July, 1989.

_Alex R. Munson_

Judge Alex R. Munson

934