991 F.2d 803
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
MANCOR MEDICAL MANAGEMENT COMPANY, INC., a California
Corporation, and Medical Management Associates,
Inc., a California Corporation,
Plaintiffs-Appellants,
v.
VHA MIDWEST, INC., an Illinois Corporation; James N. Wolf,
and Betsy Forgash, Defendants-Appellees.
 No. 91-55973.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 2, 1993.
Decided April 15, 1993.
 
 Before PREGERSON, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellants Mancor Medical Management Company, Inc. (Mancor) and Medical Management Associates, Inc. (MMA) (collectively, "appellants" or "plaintiffs") appeal the district court's granting of defendants' motion to dismiss plaintiffs' action for breach of contract and breach of fiduciary duty for lack of specific personal jurisdiction. We REVERSE.
 
 
 3
 The district court held it lacked specific personal jurisdiction over defendants because plaintiffs neither failed to show that (1) defendants purposefully availed themselves of the privilege of conducting activities in California nor (2) that their cause of action arose out of defendants' activities in California. The district court made no findings as to whether the exercise of specific personal jurisdiction over defendants was reasonable. See Data Disc, Inc. v. Systems Tech. Assoc., Inc., 557 F.2d 1280, 1285 (9th Cir.1977). Since the district court considered only the pleadings and other documents in its analysis, appellants need only make a prima facie showing of personal jurisdiction. See Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir.1990) (quoting Data Disc, id.). In considering whether they have done so, we treat their allegations as true. Id.
 
 I. Purposeful Availment
 
 4
 To purposefully avail oneself of conducting activities in the forum, the defendant must perform some type of affirmative conduct which allows or promotes the transaction of business within the forum state. Sinatra v. National Enquirer, Inc., 854 F.2d 1191, 1195 (9th Cir.1988). In tort cases, it may be sufficient for the defendants' only contact with the forum state to be the purposeful direction of a foreign act having effect in the forum state. Haisten v. Grass Valley Medical Reimbursement Fund, 784 F.2d 1392, 1397 (9th Cir.1986). In contract cases, the existence of a contract is not sufficient, by itself, to create personal jurisdiction over the nonresident. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478 (1985). In such cases, we look to prior negotiations and contemplated future consequences, the terms of the contract, and the parties' actual course of dealing. Sher, 911 F.2d at 1362 (quoting Burger King, 471 U.S. at 479).
 
 
 5
 The district court erred by finding appellees did not purposefully avail themselves of conducting activities in California. A non-resident defendant's act of soliciting business in the forum state will generally be considered purposeful availment if that solicitation results in contract negotiations or the transaction of business. Shute v. Carnival Cruise Lines, 897 F.2d 377, 381 (9th Cir.1990), rev'd on other grounds, 111 S.Ct. 1522 (1991). See Roth v. Garcia Marquez, 942 F.2d 617, 621-22 (9th Cir.1991). Appellees affirmatively sought out appellants and requested that appellants submit a proposal for the provision of contract management service systems. This contact resulted in the joint venture agreement. That the joint venture agreement contains a choice-of-law clause in favor of Illinois does not alter this analysis.
 
 
 6
 With regard to appellants' contract claims, the record reveals that: (1) VHA, through Wolf, initiated a contract with MMA that resulted in the formation of the joint venture between Mancor, a California resident, and VHA; (2) Forgash made two trips to California to observe MMA's operations and receive training in MMA's utilization review procedures and one trip to accompany a potential client of the Joint Venture; and (3) the joint management agreement, and the accompanying management agreement between VHA and MMA, required constant telephone and mail communication and had future consequences in that VHA employees were to travel to California to receive instruction and to consult with MMA on the application of MMA's knowledge to the Midwest.
 
 
 7
 With regard to appellants' tort claims, appellees purposefully directed a foreign act--the taking of knowledge they had gained from their relationship with plaintiffs and use of it to compete with the joint venture--which affected appellants, both California residents. Appellees contend their only contacts with California were telephone calls, letters, and a few sporadic trips to California. However, "the reality of modern commercial life is that many transactions take place solely by mail or wire across state lines, obviating the need for physical presence in the state toward which the defendant's activities are directed." Shute, 897 F.2d at 382.
 
 II. Arising Out Of
 
 8
 The district court also erred in finding appellants' claims do not arise from appellees' forum-related conduct. "But for" appellees' request that appellants submit a proposal regarding the provision of management services, no joint venture agreement would exist. Appellants' claims arise out of defendants' forum-related activities in that the crux of this case is the defendants' abuse of the contractual relationship with MMA and Mancor and their breach of fiduciary duties to MMA and Mancor. Specifically, appellants claim defendants breached the Joint Venture Agreement and their fiduciary duties to the Joint Venture by, among other things, taking knowledge, expertise, and trade secrets from MMA's California operations, and establishing a business relationship with and disclosing trade secrets to a competing entity, McNerny Heinz & Associates (McNerny), with whom it solicited Joint Venture clients. Appellees' knowledge and expertise was gained as a result of its travel to California and constant contact with MMA employees in California through the mail, telephone lines, and a shared computer system.
 
 III. Reasonableness
 
 9
 The parties agree that of the seven factors applied by this circuit to the issue of reasonableness, only six apply here. See Roth, 942 F.2d at 623 (listing factors). Appellants concede that two factors, inconvenience of the forum and availability of an alternate forum--Illinois--weigh in appellees' favor. As stated above, appellants purposefully interjected themselves into California. Moreover, the burden on VHA to litigate in California is negligible, given its size and the fact that it previously sent employees to California to observe MMA's operations. Likewise, since VHA is defending Wolf and Forgash, the burden on them to litigate in California is slight. In cases such as this involving parties which reside in different states, there will always be a heavier burden on one party to the litigation. However, California, in which appellants reside, has a strong interest in providing a forum for the resolution of appellants' contract and tort claims. On balance, the exercise of specific personal jurisdiction over appellees is reasonable.
 
 
 10
 REVERSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3