**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 30 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BELLAGIO, LLC, a Nevada limited liability company, and MIRAGE RESORTS, INC., a Nevada corporation, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> BELLAGIO SHOES, INC., a California corporation; et al., <br><br> Defendants - Appellees. | No. 12-16235 <br><br> D.C. No. 2:11-cv-01975-PMP-PAL <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, Senior District Judge, Presiding

Argued and Submitted April 10, 2014
San Francisco, California

Before: NOONAN, NGUYEN, and WATFORD, Circuit Judges.

Bellagio, LLC and its parent company, Mirage Resorts, Inc. (together,

"Bellagio"), appeal the district court's dismissal of their trademark infringement

suit against Bellagio Shoes, Inc., Bertini Shoes, Inc. (together, "Bellagio Shoes"),

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

and individual defendants Shlomo Ronen ("Ronen") and Itzhak Ben Shoshan ("Shoshan") for lack of personal jurisdiction. Without allowing the parties to engage in jurisdictional discovery or holding an evidentiary hearing, the district court dismissed the complaint with leave to refile in the United States District Court for the Central District of California, holding that the defendants had not "purposefully availed themselves of the privilege of conducting activities in Nevada" to warrant the exercise of specific personal jurisdiction.

We have jurisdiction under 28 U.S.C. § 1291 and review the district court's decision de novo. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

**1.** The district court should have applied the "purposeful direction," rather than "purposeful availment," variant of the minimum contacts test. *See Wash. Shoe Co. v. A-Z Sporting Goods, Inc.*, 704 F.3d 668, 672-73 (9th Cir. 2012). Rather than applying this test ourselves, we remand the case for the district court to order jurisdictional discovery and potentially hold an evidentiary hearing, since many "pertinent facts bearing on the question of jurisdiction are controverted" and "a more satisfactory showing of the facts is necessary." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (quoting *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 n.1 (9th Cir. 1977)) (internal quotation marks omitted).

2

Among the many relevant, contested issues, the district court should consider the level of control retained by Ronen (if any) over Bellagio Shoes, the existence of any Internet sales by Bellagio Shoes to customers in Nevada, and the credibility of Bellagio's key affiant, Damian Pryor. To this end, the district court may wish to hold an evidentiary hearing.

**2.** Although further jurisdictional discovery is warranted as to Bellagio Shoes and Ronen, Shoshan should be dismissed as a defendant. His limited actions as the webmaster of <b-shoes.com> and <bertini-shoes.com>, and as the owner of the <bertini-shoes.com> domain name, did not form sufficient contacts with Nevada to authorize the district court's exercise of jurisdiction over him. *See Walden v. Fiore*, 134 S. Ct. 1115, 1122-24 (2014).

**AFFIRMED IN PART; REMANDED.**

Each party shall bear its own costs.