945 F.2d 408
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CALIFORNIA OFFSET PRINTERS, INC., dba California Offset
Printers, Plaintiff-Appellant,
v.
HAMPTON INTERNATIONAL COMMUNICATIONS, INC., dba Hampton
International, Lee M. Oser, Jr., Defendants-Appellees.
 No. 90-56090.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 11, 1991.
Decided Sept. 27, 1991.
 
 Before REINHARDT and FERNANDEZ, Circuit Judges, and CROCKER, Senior District Judge*.
 MEMORANDUM**
 California Offset Printers, Inc. (COP) appeals from the district court's dismissal for lack of personal jurisdiction of its diversity action against Hampton International Communications, Inc. (HIC). The district court granted HIC's motion to dismiss after each party had submitted conflicting evidentiary affidavits and one affiant had been cross-examined. The district court made no findings regarding any disputed facts. Because the court did not conduct an evidentiary hearing on HIC's motion to dismiss and failed in the alternative to accept COP's version of the disputed facts, we reverse.
 When personal jurisdiction is contested, the district court may hold a preliminary evidentiary hearing to resolve disputed questions of fact. Data Disc, Inc. v. Systems Technology Associates, Inc., 557 F.2d 1280, 1285 (9th Cir.1977). "In such a situation, where plaintiff is put to his full proof, plaintiff must establish the jurisdictional facts by a preponderance of the evidence, just as he would have to do at trial." Id. However, the proceedings conducted by the court prior to dismissing COP's action did not constitute such a hearing.[1]
 The trial court should allow discovery when material facts bearing on jurisdiction are disputed and it proposes to resolve that dispute. Wells Fargo & Co. v. Wells Fargo Express Co., 556 F.2d 406, 431 n. 24 (9th Cir.1977). In addition, at a preliminary evidentiary hearing, the court must allow the plaintiff to "go[ ] beyond the written materials" produced during discovery. Data Disc, 557 F.2d at 1285. Although HIC requested and was granted the opportunity to cross-examine COP's affiant, HIC's last-minute request gave COP insufficient time to conduct discovery or call witnesses. HIC never requested or noticed an evidentiary hearing, and no opportunity was afforded for discovery on the motion.
 On the other hand, the trial court may resolve a Fed.R.Civ.P. 12(b)(2) motion without holding an evidentiary hearing. In such case, however, in order to defeat the defendant's motion the plaintiff need only allege facts sufficient to establish a prima facie case of personal jurisdiction. Data Disc, 557 F.2d at 1285. If no evidentiary hearing is held, the trial court must accept the plaintiff's version of the disputed facts and consider them along with the undisputed facts in making its determination. The district court failed to do so here; instead, it based its dismissal of COP's action on the undisputed facts only.
 If the facts as alleged by COP were taken as true and those facts still failed to establish a prima facie case, we might well affirm the district court, notwithstanding the conclusions we have set forth above. Here, however, if COP's allegations are accepted, it has made out a prima facie case under Data Disc. Accordingly, we are required to reverse and remand.
 REVERSED AND REMANDED.
 
 
 
 *
 Hon. M.D. Crocker, Senior United States District Judge for the Eastern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Even if we were to hold that the proceeding was an evidentiary hearing, the result would not change because the district court did not make determinations regarding the disputed facts