**MTC ELECTRONIC TECHNOLOGIES CO., LTD, a Canadian Corporation, Plaintiff,**

v.

**Miko LEUNG et al., Defendants.**

**No. CV 94–6293 AAH (JRx).**

United States District Court, C.D. California.

Feb. 17, 1995.

Dale F. Kinsella, Catherine H. Coleman, Kinsella, Boesch, Fujikawa and Towle, Los Angeles, CA, for MTC Electronic Technologies Co., Ltd, a Canadian corporation.

Charles M. Levy, Tom Lallas, Mark D. Hurwitz, Levy, Small & Lallas, Los Angeles, CA, for Hongkong Bank of Canada.

Robert E. Mangles, Dan P. Sedor, Jeffer, Mangels, Butler & Marmaro, Los Angeles, CA, for Wall Street Financial Group & Harley Gleckman.

Jeffrey S. Factor, David L. Anderson, Sherman & Sterling, San Francisco, CA, for Miko Leung, Sit Wa Leung, Alan Leung, & Tonic Lam.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT HONGKONG BANK'S MOTION TO DISMISS

HAUK, District Judge.

This matter came on regularly for hearing before this Court on January 9, 1995 before the Honorable A. Andrew Hauk, United States District Judge. This Court has fully considered all legal points and authorities, and arguments and now makes and enters its ORDER.

### INTRODUCTION

Plaintiff, MTC ELECTRONIC TECHNOLOGIES CO., LTD ("MTC"), a Canadian Corporation, has brought suit against Miko Leung, et al. under the Securities Exchange Act of 1934, 15 U.S.C. § 78(a), et. seq. (" '34 Act"). One of the defendants, Hongkong Bank of Canada ("Hongkong Bank"), has moved this Court to dismiss the action against it based upon the following grounds:

(1) Lack of personal jurisdiction [Fed. R.Civ.P. 12(b)(2) ];

(2) Forum non conveniens; and

(3) Failure to state a claim upon which relief can be granted [Fed.R.Civ.P. 12(b)(6) ].

Hongkong Bank is a duly licensed chartered bank pursuant to the Bank Act of Canada with its head office located in Vancouver, British Columbia. Plaintiff and responding party, MTC, is also a Canadian

corporation with its head office located in Richmond, British Columbia.

MTC alleges in its complaint that Hongkong Bank, through its officer Mr. Ron Driol, knowingly guaranteed forged endorsements on certain stock certificates. MTC further alleges that these stock certificates had been fraudulently obtained from MTC with the result that the stock certificates so endorsed could be sold on the National Association of Securities Dealers Automated Quotations ("NASDAQ") exchange, thereby diluting MTC's stock. Based upon these allegations, MTC has asserted the following claims: Violation of section 10(b) of the '34 Act and Securities and Exchange Commission ("SEC") Rule 10b–5; violation of the Racketeer Influenced and Corrupt Organizations Act of 1970 ("RICO"), 18 U.S.C. §§ 1962(a), (d); violation of California Corporations Code § 25401; fraud and deceit; breach of fiduciary duty; negligence; conversion; constructive fraud; and equitable indemnification.

## DISCUSSION

*Hongkong Bank's Motion to Dismiss for Lack of Personal Jurisdiction.*

■ Hongkong Bank has moved to dismiss the complaint on the grounds that Hongkong Bank is not subject to personal jurisdiction in this Court. The Court has exercised its discretion to receive evidence on this motion through declarations and discovery material. *Data Disc, Inc. v. Systems Tech. Assoc., Inc.,* 557 F.2d 1280, 1285 (9th Cir.1977). For purposes of this motion, this Court considers the pleadings, declarations and evidence in the light most favorable to plaintiff with all doubts resolved in plaintiffs favor. *Metropolitan Life Insurance Co. v. Neaves,* 912 F.2d 1062, 1064 n. 1 (9th Cir.1990). In order to defeat the instant motion, MTC need only establish facts that support a finding of jurisdiction. *Data Disc, Inc., supra,* 557 F.2d at 1285.

Section 27 of the '34 Act (15 U.S.C. § 78aa), as interpreted by the Ninth Circuit, provides that personal jurisdiction over a foreign defendant exists in any U.S. district court if the defendant has minimum contacts[1] with the United States. *Securities Investor Protection Corp. v. Vigman,* 764 F.2d 1309, 1316 (9th Cir.1985), *rev'd on other grounds, sub nom. Holmes v. Securities Investors Protection Corp.,* 503 U.S. 258, 112 S.Ct. 1311, 117 L.Ed.2d 532 (1992); *Semegen v. Weidner,* 780 F.2d 727, 730 (9th Cir.1985); *Washington Pub. Util. Group v. District Court,* 843 F.2d 319, 328 (9th Cir.1987). Here, the forum is the entire United States and as such Defendant need not have contacts with the particular state in which the case is brought.

Hongkong Bank claims that MTC has failed to allege in its complaint any act in California or even in the United States as a whole that may arguably subject Hongkong Bank to the personal jurisdiction of this Court. (Motion at 2).

However, MTC counters by sworn declarations attached to its opposition that Hongkong Bank currently has thirty-four pending lawsuits in Virginia, Kansas and Oklahoma (Opposition at 4); further, that Hongkong Bank maintains clearing bank accounts in the United States, and that three of Hongkong Bank's twelve board members reside in the United States (*Id.* at 4–5); moreover, that Hongkong Bank guaranteed forged signatures on stock certificates, knowing that the stock certificates would be sold on the NASDAQ exchange, thereby producing foreseeable consequences upon shareholders in the United States. (*Id.* at 7). Although Hongkong Bank attempts to characterize these sworn declarations as inconsequential, the Court disagrees. Instead, upon viewing the declarations and pleadings in the light most favorable to the plaintiffs, the Court finds that Hongkong Bank has sufficient minimum contacts with the United States and the na-

---

1. It is a well settled rule of law that in evaluating whether a defendant has minimum contacts with the forum, the court will look at the quantity and nature of the defendant's contacts with the forum, their connection with the cause of action, and the interest of the forum in protecting its citizens. The contacts cannot be accidental; the defendant must have purposely availed himself of the privilege of conducting activity in the forum. Personal jurisdiction is thus conferred if the defendant has minimum contacts with the forum and if warranted by fair play and substantial justice. *See* CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1067 (1994).

ture of these contacts was of the quantity and quality to alert the defendant as to the reasonable foreseeability of being hailed into a court in the United States.

Accordingly, Hongkong Bank's motion to dismiss for lack of personal jurisdiction is DENIED.

*Hongkong Bank's Motion to Dismiss for Forum Non Conveniens.*

■ Hongkong Bank, in moving to dismiss on grounds of *forum non conveniens,* must show that there exists an adequate alternative forum and that the balance of private and public interest factors suggests that trial in the present forum chosen by plaintiff would be unnecessarily burdensome. *See Lockman Foundation v. Evangelical Alliance Mission,* 930 F.2d 764, 767 (9th Cir. 1991).

In this case, Hongkong Bank has not offered any facts to support its claim that a Canadian, or any other forum, could afford the plaintiff a remedy in this action. Further, Hongkong Bank has offered no evidence that either it or this Court would be unnecessarily burdened by defending the action here in Los Angeles. While Hongkong Bank does point out that much of the evidence and many of the witnesses are in Canada, it does not list a single witness that would have difficulty testifying in Los Angeles, nor any specific problems with producing the Canadian evidence in our Court. Moreover, the United States has a significant interest in having the case adjudicated in a United States forum such as ours, since over 700 United States shareholders were allegedly injured and the United States securities laws govern all securities fraud allegedly committed in transactions on the NASDAQ exchange.

Accordingly, defendant's motion to dismiss on grounds of *forum non conveniens* is DENIED.

*Hongkong Bank's Motion to Dismiss For Failure to State a Claim.*

■ According to the United States Supreme Court, a complaint should not be dismissed for failure to state a claim for relief "unless it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Moreover, all allegations of the complaint should be construed favorably to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Applying these standards to MTC's complaint, the Court rules on this motion, by taking up separately each claim for relief as follows:

*Claim 1—Federal Securities Fraud (§ 10(b) of the '34 Act and SEC Rule 10b–5)*

Three essential elements must be adequately pleaded:

(a) conduct by the defendants proscribed by the rule;

(b) a purchase or sale of securities "in connection with" such proscribed conduct; and

(c) resultant damages to the plaintiff.

*Levine v. Diamanthuset, Inc.,* 950 F.2d 1478, 1485 (9th Cir.1991).

In its complaint MTC alleges all the requisite facts. *First,* MTC alleges that the "conduct" by a senior officer of the Bank was fraudulent. (Compl. ¶¶ 65–67). *Second,* MTC alleges that the sale of the securities, on the NASDAQ exchange, was done "in connection with" the Bank's misconduct because the sale could not take place without the forged signature guarantees. (Compl. ¶ 63). *Third,* MTC alleges that it was injured as a result of the entire conspiracy, which included the alleged actions by Hongkong Bank. (Compl. ¶ 109). Therefore, these are all adequately pleaded, so that the Court must and does DENY Hongkong Bank's motion with respect to MTC's first claim for relief.

*Claim 2—Violations of §§ 1962(a), (d) of RICO*

MTC has not sufficiently alleged that Hongkong Bank has individually violated §§ 1962(a), (d) of RICO. Nor has MTC sufficiently alleged that Hongkong Bank was a co-conspirator in the commission of RICO violations. As such, the Court GRANTS Hongkong Bank's motion to dismiss, with respect MTC's second claim for relief for RICO violations.

This dismissal is however, without prejudice, and the Court now reiterates what it said at the January 9, 1995 hearing: MTC has until January 20, 1995, to file and serve an amended second claim for relief. Hongkong Bank has until February 17, 1995, to file and serve a response to this amended second claim for relief.

*Claim 3—Violations of §§ 1962(a), (d) of RICO*

MTC's third claim for relief is not against Hongkong Bank. As such, this Court abstains from ruling on the sufficiency of the allegations contained therein.

*Claim 4—State Securities Fraud (California Corporations Code § 25401)*

■ In order to have a valid cause of action under California Corporations Code § 25401 MTC must allege that there was a sale or purchase of stock in California by fraudulent untrue statements or by omitting material facts that would by omission make the statements misleading.[2] Nor are the allegations made with the particularity required for a cause of action based on fraud or misrepresentation. As such, the Court GRANTS Hongkong Bank's motion to dismiss, with respect MTC's fourth claim of relief under California Corporations Code § 25401.

This dismissal is however, without prejudice, and the Court now reiterates what it said at the January 9, 1995 hearing: MTC has until January 20, 1995, to file and serve an amended fourth claim for relief. Hongkong Bank has until February 17, 1995, to file and serve a response to the amended fourth claim for relief.

*Claim 5—Fraud and Deceit*

This claim for relief has been adequately pleaded. (Compl. ¶¶ 139–143). As such, the Court DENIES Hongkong Bank's motion to dismiss the fifth claim for relief for fraud and deceit.

*Claim 6—Breach of Fiduciary Duty*

This claim for relief has been adequately pleaded. (Compl. ¶¶ 144–149). As such the Court DENIES Hongkong Bank's motion to dismiss the sixth claim for relief for breach of fiduciary duty.

*Claim 7—Negligence*

This claim for relief has been adequately pleaded. (Compl. ¶¶ 150–153). As such the Court DENIES Hongkong Bank's motion to dismiss the seventh claim for relief for negligence.

*Claim 8—Conversion*

This claim for relief has been adequately pleaded. (Compl. ¶¶ 154–157). As such the Court DENIES Hongkong Bank's motion to dismiss the eighth claim for relief for conversion.

*Claim 9—Constructive Fraud*

This claim for relief has been adequately pleaded. (Compl. ¶¶ 158–163). As such the Court DENIES Hongkong Bank's motion to dismiss the ninth claim for relief for constructive fraud.

*Claim 10—Constructive Trust*

MTC's tenth claim for relief is not against Hongkong Bank. As such, this Court abstains from ruling on the sufficiency of the allegations contained therein.

*Claim 11—Injunctive Relief*

MTC's eleventh claim for relief is not against Hongkong Bank. As such, this Court abstains from ruling on the sufficiency of the allegations contained therein.

*Claim 12—Equitable Indemnification*

This claim for relief has been adequately pleaded. (Compl. ¶¶ 171–174). As such the Court DENIES Hongkong Bank's motion to dismiss the twelfth claim for relief for equitable indemnification.

2. California Corporations Code § 25401 provides:

It is unlawful for any person to offer or sell a security in this state or buy a security in this state by means of any written or oral communications which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading. Cal.Corp.Code § 25401 (West 1994).

Hongkong Bank's request for sanctions is DENIED.

IT IS SO ORDERED.